The State v. Parish.

## The State v. Parish.

1. **Criminal law:** REBUTTING EVIDENCE. The State, in a criminal prosecution, may introduce, as rebutting evidence, the testimony of witnesses who were not before the grand jury, whose names are not indorsed upon the indictment, and of whose introduction the defendant has received no notice.

2. —— WHAT IS REBUTTING. But that is not rebutting testimony which seeks by another witness, after the defense has closed, to sustain the character of the prosecuting witness whose testimony has been impeached, by showing that the statements of the prosecutor, as he gave them in his examination, were in accordance with the facts of the case.

*Appeal from Benton District Court.*

TUESDAY, JUNE 11.

DEFENDANT was indicted for an assault with a dangerous weapon, etc., in and upon one McClaney. On the trial, the State introduced the party injured; proved by him the body of the offense, and, upon his testimony alone, rested the case. The defense introduced witnesses who testified that the general character of said McClaney for truth and veracity was not good, and rested. The State undertook to sustain the general character of the prose-

cuting witness, and then, for the purpose of corroborating and sustaining him, proposed to prove by a witness, present at the time of the assault, the facts, substantially and in detail, as given by said McClaney. To this the defendant objected, because his name was not on the indictment, the witness was not before the grand jury, and. because the State could only introduce testimony as to the general character of the chief witness, for truth and veracity. The objection was sustained, and the State, for the purpose of testing the correctness of this ruling, prosecutes this appeal.

*F. E. Bissell*, Attorney-General, for the State.

*Murphy & Bro.* for the appellee.

WRIGHT, J.— The names of the witness offered by the State was not on the indictment, nor was any one

1. CRIMINAL LAW: rebutting evidence. examined before the grand jury, other than said McClaney, nor was any notice given that other witnesses would be introduced on the trial. And the single question is, could the State make this proof in this way to sustain the main witness, and rebut the testimony offered by the defendant.

The statute, in prescribing the order of trial in criminal cases, directs (subdivision two, § 4785), that the district attorney must first offer the evidence in support of the indictment, then the defendant his in support of the defense ; and, after this, rebutting evidence only is to be offered by the parties respectively, unless the court, in furtherance of justice, permits them to offer evidence upon their original case. The next section (4786) confines the district attorney, "in offering evidence in support of the indictment in pursuance of the order prescribed in the last preceding section, *under the second subdivision thereof*," to witnesses examined before the

grand jury, unless he shall give notice, etc. In view of these provisions, we are warranted in concluding that the district attorney is not confined to the names indorsed on the indictment, or the witnesses examined before the grand jury, in his rebutting testimony. The language is, that he is not permitted to introduce other witnesses in support of the indictment, as contemplated by the *second subdivision*. In the *fourth subdivision* we find the direction on the subject of rebutting testimony, and that this is the correct construction of the statute, see *State* v. *Gillick* (10 Iowa, 98). We conclude, therefore, that the objection that the name of this witness was not indorsed on the indictment is not tenable (8 Iredell, 324), and that we are remitted, necessarily, to the inquiry, whether the testimony offered was or was not rebutting. And yet, it is well to keep in view the purpose and policy of the statute, of which, more hereafter.

Rebutting evidence is said to be that which explains, repels, controverts, or disproves facts given in evidence on the other side (Bouvier's Dict. 2, 424; Institute, 3, 469), and, as a rule, anything may be given as rebutting evidence by plaintiff, which is a direct reply to that produced by the defendant. *Scott* v. *Woodward*, 2 McCord, 161; and see *Nelson* v. *U. S.*, Pet. C. C., 235. This general language we find in the books, leaving us still to determine what does explain, repel, controvert, or disprove; and in doing this we derive but little aid from adjudicated cases.

*2. —— what is rebutting.*

Now we can readily see and understand the propriety of the reasoning used by NOTT, J., in 2 McCord, *supra*, to the effect that, if a defendant give in evidence a release, the plaintiff may show it to be a forgery, or, if he establish a set-off, plaintiff may prove that it has been paid. For, in these and like causes, plaintiff, by his evidence, directly replies to that offered by the defendant. Indeed

until the defendant made his proof, plaintiff could not introduce his, for he could not anticipate that his adversary would rely on the release in the one case, or insist upon his set-off in the other. But the defendant having made his proof, plaintiff plainly has the right to counteract its effect by rebutting evidence.

These, however, are very different cases from the one before us. The State introduced its testimony in chief, and rested. There was no mistake, no pretense of oversight. The defendant did not rely upon a former acquittal, upon any matter in his discharge; nor any distinct fact, by way of exculpation. Nor did he even undertake to show that the prosecuting witness had made statements in conflict with those testified to by him on the stand. But the whole testimony was directed against his reputation for truth and veracity. The State undertook to sustain him by proving his reputation to be good, which was certainly competent. But, for a like purpose, it was proposed to prove by another witness that the assault was made substantially and in detail as given by the witness in chief. We have found no case going to this extent. To so hold, it seems to us, would violate principle and the reason and policy of the statute.

If this can be done, then we cannot see why all testimony might not be rebutting; nor any reason for distinguishing between evidence in chief, and that which is intended to rebut. For, in the majority of cases, all testimony offered by plaintiff in reply, would, in some sense, tend to explain, repel, counteract, controvert or disprove the case made by defendant; and, we repeat, if this is the meaning of the rule, there would be a virtual end of all rules and order in the admission of testimony. To illustrate: The State introduces a witness who testifies distinctly and emphatically to all the facts necessary to establish a larceny, and rests. The defendant proves that

this witness is a penitentiary convict; that his moral character is notoriously bad, and that he is not to be believed under oath. The State *to rebut* (what?) introduces another, and again makes out the offense. The defendant returns to the charge and shows that the second witness is in all respects as bad as the first; and this he certainly would have a right to do. This done, why may not the State try its hand again, and thus the contest alternate, until the State has found an honest witness, whose testimony, in no possible sense rebutting, justifies a conviction. For, we ask, what does it rebut? The defendant's evidence is that the witness for the State is of bad reputation. Suppose the probability of his story is shown by a dozen persons, does that change the fact or *meet the case* made by the defendant? It may show that he probably spoke the truth in this particular case, and this would be true in every instance of which we can now think, when testimony clearly only receivable in chief, or in the first instance, should be offered to rebut.

If this is not so we do not see that the statute, which requires that the defendant should, by having the names of the witnesses indorsed on the indictment or by notice, be advised of the testimony against him, could have any practical effect.

After the defendant closes his proof the parties are to offer rebutting evidence only. And yet, how easy it would be to defeat the purpose of the statute, by making a *prima facie* case, and then, after the defendant has developed his defense and utterly annihilated the case made by the State, to come in with a reserved and surprising fire—call it rebutting; and, upon it alone, ask and expect a conviction. Now, in this case, it was not a collateral incident or explanatory fact which was sought to be introduced. But the facts sought to be established were of themselves sufficient to show the body of the

offense. Suppose the jury (the testimony being received) had discarded and rejected that of the prosecuting witness, and, upon this rebutting proof, had convicted? Would the conviction be upheld, and if so, what becomes of the safeguards thrown around a prisoner, and why talk about the distinction between testimony in chief and that which is received as rebutting? Is it said that the court has a discretion in this matter? This is admitted, the discretion being subject to certain rules and in subordination to the statute, and yet the argument or suggestion would be without force, for the testimony was rejected in this case, and it is the State that complains. *Smith* v. *Smith*, 8 Iredell, 29.

In conclusion, we remark that the cases cited by the Attorney-General have received attention, and do not, as we view them, conflict with the conclusion reached.

Thus, *Logan* v. *Stules* (3 Bibb., 230) was where plaintiff, in trespass, introduced witnesses to prove that defendants were his enemies, and had threatened to injure his property, and defendants were very properly allowed to prove he had other enemies who had made similar threats.

The case of *Commonwealth* v. *Merriam* (14 Pick., 518), is apparently more in point; and yet, from the facts as reported, it by no means appears that the corroborative proof was offered after the witness had been impeached. One sentence in the opinion seems to indicate this, while the whole reasoning tends to show that the evidence was admitted on the same principle that, in a prosecution for uttering counterfeit money, evidence is received that the defendant uttered other counterfeits or had others in his possession. The cases of *Nason* v. *Woodward* (16 Iowa, 216), *Mayo* v. *Sample* (18 Id., 206), do not touch the question involved. *Davidson* v. *Overhulser* (3 Gr., 196), is not justified by the authorities there cited, is a civil case, and is not analogous in its facts, nor the prin-

ciples involved, to the one at bar. On this subject see *State* v. *George* (8 Iredell, 324).

We are all of the opinion that the testimony was properly rejected, and that the ruling below should be

Affirmed.