STATE OF IOWA v. CLEO JOHNSON, Appellant.

**Criminal law:** RAPE: EVIDENCE. On this prosecution for rape the defendant should have been permitted to show that prosecutrix and her sister, who was an eye witness, had entered complaint against defendant for assault with intent to murder, rather than to rape; and that the sister was angry at defendant because of his relations with prosecutrix and had a motive in testifying against him.

**Same:** EVIDENCE OF CREDIBILITY: INSTRUCTION. Evidence of prior conviction for felony is admissible simply as bearing on defendant's credibility as a witness, but the jury should be so instructed.

**Same:** PREVIOUS ILLICIT RELATIONS: INSTRUCTIONS. Prior illicit relations of a prosecutrix for rape with defendant may be shown as tending to raise the presumption of consent to the act, and the jury should be so instructed; and failure to so advise the jury was especially erroneous where the court told them that the evidence could only be considered as affecting her credibility as a witness.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

TUESDAY, NOVEMBER 14, 1911.

INDICTMENT for rape. Trial to a jury, verdict of an

assault with intent to commit rape, and defendant appeals. —*Reversed.*

*T. L. Sellers,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

DEEMER, J.—The case as made for the state is practically as follows: Defendant is a colored man, about thirty-three years of age, and prosecutrix is a colored woman, eight years older than defendant. Defendant has served at least one term in the penitentiary and many terms in county or city jails. Prosecutrix is a woman of bad moral character and undoubtedly a prostitute. At the time in question, prosecutrix was living with her sister in South Des Moines, and defendant had just been released from jail. The house in which prosecutrix lived had but two rooms; the back one being a kitchen and bedroom combined, and the front a sort of sitting room. Prosecutrix claims that at the time charged in the indictment she was looking over some samples of combs, which a traveling salesman was showing her in the front room, when, hearing a noise at the back door, she went into the kitchen, was there met by the defendant, who had gained admittance into the house by cutting the wire netting from a screen door, and was then and there assaulted by the defendant, choked and thrown upon the bed, and there defiled by him. She also claims that defendant held in his hand an open knife, and that he threatened to kill her if she did not lie still and submit to his embraces. Her story is to some extent corroborated by the fact that she had some bruises upon her face, and that she almost immediately made complaint to an officer, who had been called to the scene by prosecutrix's sister, although the nature of the complaint—that is, as to whether or not it was of a simple assault, of an assault

to do great bodily injury, or of an attempted rape—is not clear from the testimony. On the other hand, there is a great deal of testimony contradictory of that adduced by the state, and considerable conflict in the testimony offered by the state. The jury was perfectly justified in returning a verdict of not guilty of rape; but there was enough testimony, if believed by the jury, to warrant the verdict returned. Many complaints are made of rulings made of the trial court in admitting and rejecting testimony. Most of these are without merit, however, and, in view of the final conclusion reached, it will not be necessary to notice many of these rulings.

I.   We are disposed to think the trial court was in error in denying to defendant the right to show that the complaint, made by the prosecutrix and by her sister, who says she saw the defendant in the act of sexual intercourse with prosecutrix, was of an assault with intent to murder, and not of an assault with intent to rape, or of rape itself. We are speaking now of an information filed by either the prosecuting witness or her sister. Surely this testimony would tend to show that the offense which these witnesses then believed to have been committed was not rape, or an assault with intent to commit rape, but either a simple assault, or an assault with intent to do bodily harm, or to kill. In this connection, the trial court made the following remark, which indicates what we are constrained to hold an erroneous view of the law: "I think it is wholly immaterial what this witness may have advised her sister or anyone else to do in this case."

*1. CRIMINAL LAW: rape: evidence:*

Again, defendant endeavored to show that Mary Manning, prosecutrix's sister, was angry with defendant because of his relations with prosecutrix, and had a motive in testifying against him. This testimony was rejected by the trial court, and, as we think, improperly.

II.   The most serious complaints, however, are of the

court's refusal to give the following instructions asked by defendant:

(3) Evidence, relating to the prior conviction of a felony, is not to be considered by you as evidence tending
2. SAME: evi- to connect the defendant with the commission
dence of
credibility: of the offense charged in this indictment, nor
instruction. for the purpose of establishing his guilt, but only for the purpose of testing his credibility as a witness.

(4) The prior relations and association of the prosecutrix and the defendant may be considered by you, for the purpose of determining whether the defendant would be likely to commit the crime charged at the time and place and in any manner as testified to by the prosecutrix.

Nothing was given by the trial court with reference to the subject matter of the first of these instructions, and as it announced a correct rule of law it should have been given. Code, section 4613.

More serious error is found in the court's refusal to give the second instruction above quoted. The error was intensified by the following paragraph from the charge as
3. SAME: pre- given: "(13) Evidence was also permitted to
vious illicit
relations: be introduced tending to show that improper
instructions. sexual relations were had between the defendant and the prosecuting witness prior to the time of the offense as alleged in the indictment. This evidence was allowed to be introduced for the purpose of affecting the credibility of the prosecutrix, but you are instructed that if you find from the evidence such fact to be it does not constitute a defense to the crime charged in the indictment, but is to be considered by you as affecting the credibility of the witness in question as to matters testified to by her." There was ample testimony tending to show, not only that prosecutrix was a prostitute, but that she also, previous to the time of the alleged rape, had had voluntary sexual intercourse with the defendant, and had lived with him as his mistress. There was also some testimony to the effect that on the day of the alleged assault the parties

had had sexual intercourse with each other. That prosecutrix was a common prostitute surely should be considered as bearing upon her credibility as a witness, although perhaps her previous intercourse with defendant alone may not have had such bearing, unless so long continued as to give her a bad moral character. But it is also true that prosecutrix's general reputation for chastity, as well as her previous voluntary sexual relations with the defendant, may and should have been considered as substantive proof of the fact that whatever the act done it was with the consent of the prosecutrix. Of course, a common prostitute may be raped, and one may rape a woman, although she be his mistress; but it is not so likely that his act is by force and against her will. *State v. Cook,* 65 Iowa, 560; *Bedgood v. State,* 115 Ind. 275 (17 N. E. 621). Cowen, J., wrote a very learned and exhaustive opinion upon this subject, which is found in 19 Wend. (N. Y.) 192, under the title of *People v. Abbot,* to which reference is made. See, also, *McQuirk v. State,* 84 Ala. 435 (4 South. 775, 5 Am. St. Rep. 381); *State v. Freeman,* 100 N. C. 429 (5 S. E. 921). The text-books without exception hold to this rule. See McClain's Crim. Law, section 460; 10 Ency. of Evidence, page 602, and cases cited; 4 Elliott on Evidence, section 3101, and cases cited.

The trial court erred in limiting this testimony in the manner set out in the instruction, and in not giving the instruction asked, or something like it. The true rule, shortly stated, is that proof of prior intercourse is admissible to give rise to a presumption of consent to the act in question. It is true that defendant was found not guilty of rape, but the testimony adduced was admissible, and should have been considered as bearing upon the included offense of assault with intent to commit rape, of which offense defendant was convicted. Prosecutrix and defendant are both depraved, and it is doubtless better for the safety of society that defendant be kept in confinement;

but, no matter how degenerate and vicious he may be, he is entitled to a fair trial under proper instructions from the court.

For the errors pointed out, the judgment must be, and it is, *reversed.*