STATE OF IOWA, appellee, v. FRANK H. MERRILL, appellant.

STATE OF IOWA, appellee, v. CHARLES W. BALE, appellant.

Nos. 47900
47899.

(Reported in 49 N.W.2d 547)

OCTOBER 16, 1951.

Vernon P. Long and R. John Swanson (now withdrawn), both of Red Oak, for appellants.

Robert L. Larson, Attorney General, Glenn L. Gray, Assistant Attorney General, Robert J. Reiley, County Attorney, and R. John Swanson (now County Attorney), for appellee.

HAYS, J.—Defendants were separately charged with robbery with aggravation in that they "* * * with force and violence and by putting in fear and while armed with a dangerous weapon, did steal and take from the person of William H. Gibson property which was the subject of larceny." By consent, they were tried jointly and both convicted of robbery without aggravation. Both defendants have appealed, the two cases being jointly submitted here.

There is very little conflict as to the facts. William H. Gibson, a deputy sheriff of Montgomery County, was called to the Red Oak Cafe where the two defendants were attempting to cash a check which was questioned. Defendants claimed they had received the check from a farmer who lived west of Red Oak. Gibson took the check and with Merrill and Bale with him in the front seat of his car started west to see the farmer. Merrill was seated between Gibson and Bale. When they reached a point known as the Purcell Corner, Merrill drew a knife from his pocket, opened the blade and with it resting against Gibson's side told him to keep his hands on the wheel and stop the car. The car was stopped and quite a lengthy conversation followed. There is some dispute as

to what was said. Gibson states that he was scared of the knife and wanted to reach the main highway, No. 48, which was about a mile away, where he could summon aid; that he suggested that he take them to Red Oak, where he would give them money to fill their car with gas and oil. Defendants stated that he merely wanted to arrest them, to which Gibson made no reply. During all the time they were at the Purcell Corner and until defendants left the car, it is admitted by them that Merrill held the open knife in his hand with the blade pointing toward the car dash. They proceeded toward the highway and when they reached it they asked Gibson for the check. He gave it to them and it was destroyed. As they neared Red Oak, they told Gibson he could give them some money. Gibson took his purse from his pocket and handed it to them. They refused to take it and told him to give them the money. He took two dollars from the purse and gave it to them; then they left the car and ran down the railroad tracks. They were apprehended shortly thereafter. The only material dispute in the record concerns the transfer of the money from Gibson to them. Gibson asserts that because he feared the knife, held by Merrill, he gave them the money when requested to do so. The defendants claim that they merely told Gibson that he could give them some money if he wanted to and that he voluntarily gave it to them.

. I. Appellants assert as their principal basis for a reversal the failure of the trial court to instruct on assault, assault and battery, assault with intent to rob, assault with intent to do great bodily injury, larceny, and larceny from the person as included offenses. The only included offense submitted was robbery without aggravation.

■ Appellee asserts that since appellants did not request additional instructions upon this question no issue thereon is now before this court. The trial court submitted the proposed instructions to counsel with a request that any requested instructions be. filed by the following morning. At that time, counsel for appellants stated for the record that the proposed instructions met with defendants' approval with the exception of the fact that more included offenses should be embodied therein. While we think counsel might well have been more specific in their request, still the question was called to the court's attention and is sufficient to

raise an issue here. Section 780.9, Code of 1950; 23 C. J. S., Criminal Law, section 1337; State v. Ferguson, 233 Iowa 354, 6 N.W.2d 856.

Section 711.1, Code of 1950, provides: "If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3."

Section 711.2 states: "Robbery with aggravation. If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

Section 711.3 provides: "Robbery without aggravation. If such offender commits the robbery otherwise than is mentioned in section 711.2, he shall be imprisoned in the penitentiary not exceeding ten years."

The question of included offenses has been before this court many times and the law appears to be well settled. Section 785.6, Code of 1950, states that "the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged." This court construes this statute to mean that the instructions as to the grade or degree of crime should be justified by the evidence. State v. Reasby, 100 Iowa 231, 69 N.W. 451; State v. Ockij, 165 Iowa 237, 145 N.W. 486; State v. Warneke, 219 Iowa 1239, 260 N.W. 667; State v. Long, 231 Iowa 389, 1 N.W.2d 102; State v. Davis, 236 Iowa 740, 19 N.W.2d 655; State v. Griffith, 241 Iowa 1328, 45 N.W.2d 155. See also 23 C. J. S., Criminal Law, section 1288.

In State v. Ockij, supra, the defendant was charged with assault with intent to commit murder. He was convicted of the crime of assault with intent to do great bodily injury, which was the lowest included offense submitted. In affirming, we said at page 244 of 165 Iowa, page 489 of 145 N.W.:

"The jury ought not to be allowed to speculate upon a supposed state of facts, of which there is no evidence, in order that

they may reduce a serious crime to a trifling misdemeanor. To say that a man may use a deadly weapon and inflict a wound such as that described * * * here * * * and that he may be convicted of a simple assault or assault and battery, would be to make a mockery of the penal statutes and of the enforcement of the law."

In State v. Marshall, 206 Iowa 373, 220 N.W. 106, defendant was charged with, and convicted of, larceny from the person. A request for an instruction on the included offense of larceny was refused. We said there (page 377) that, while simple larceny was necessarily included in the charge, it is to be governed by the rule that the evidence must justify the submission of the included offense; also that where, under the evidence, the defendant is clearly guilty of the offense charged, or not guilty at all, it is not error to fail to give instructions with reference to included offenses.

■ Applying these established legal principles to the facts in the instant case, we think the trial court, by submitting the included offense of robbery without aggravation, gave appellants, to say the least, all that they were entitled to. In the words of the Ockij case, supra, to have submitted any lower offense "would be to make a mockery of the penal statutes and of the enforcement of the law."

■ II. Appellants further urge that the trial court erred in admitting an exhibit in evidence as rebuttal testimony. The exhibit in question was the knife. In the testimony in chief the State had the knife marked as exhibit. It was identified by Gibson as the knife held by Merrill. Both Merrill and Bale stated that it was the knife Merrill held in his hand during the time in question. For some reason it was not offered in evidence when the State rested its case, in chief. On rebuttal, it was offered and received in evidence over defendants' objections.

Section 780.5(6) provides: "The parties may then, respectively, offer rebutting evidence only, unless the court, for good reasons, in furtherance of justice, permit them to offer evidence upon their original case." In State v. Marcus, 240 Iowa 116, 121, 34 N.W.2d 179, 182, in discussing the propriety of the trial court in admitting testimony in rebuttal, asserted by appellant to be testimony in chief, we said: "Assuming, without deciding, this

was testimony in chief and not strictly rebuttal, it was within the discretion of the trial court to admit it." See also State v. Mc-Cumber, 202 Iowa 1382, 212 N.W. 137; State v. Slycord, 210 Iowa 1209, 232 N.W. 636.

Finding no error the judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur.