STATE OF IOWA, appellee, v. OSCAR NELSON, appellant.

No. 52538.

(Reported in 153 N.W.2d 711)

October 17, 1967.

John N. Moreland, of Ottumwa, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, Samuel Ehrhart, County Attorney, and Phillip Collett, Assistant County Attorney, for appellee.

Garfield, C. J.—Defendant, Oscar Nelson, was indicted for the crime of uttering a forged instrument (a bank check) in violation of section 718.2, Code, 1962. Upon trial he was found guilty and sentenced to the men's penitentiary. Upon this appeal he assigns two errors for reversal: (1) overruling his motion for new trial based upon claimed newly discovered evidence, and (2) receiving testimony in rebuttal which was not proper for such purpose. We find it necessary to consider only the second of these assignments.

The State's principal evidence in chief came from Mr. Bowden, assistant manager of an Ottumwa food store, who testified defendant and another Negro, Tucker, presented to him two payroll checks purporting to be issued by Ottumwa Iron and Metal Company to Wilbert Young and James L. Hampton respectively; defendant and Tucker each endorsed, in Bowden's presence, the payee's name on one of the checks and received cash for the amount thereof; the check payable to Young was for $82.73 and the one to Hampton was for $89.77; Bowden believed, but was not positive, defendant endorsed the larger check and received full value therefor; this occurred about 7:30 on the evening of November 9; on November 16 he identified defendant, in the presence of police officers, as one of the two men for whom he cashed the checks.

The police officers then corroborated Bowden's identifica-

tion. It was shown by an employee of the drawee bank and the owner of the Iron and Metal Company that the payee of each check was fictitious and the check a forgery. The State then rested, defendant moved for a directed verdict for alleged failure of proof and the motion was overruled.

The State then moved to reopen its case in chief to permit additional evidence, assigning as authority Code section 780.5, subsection 6, which provides that after the parties offer their evidence in chief they "may then, respectively, offer rebutting evidence only, unless the court, for good reasons, in furtherance of justice, permit them to offer evidence upon their original case."

The court announced the motion was sustained but asked the prosecutor whether the names of the proposed witnesses were endorsed on the indictment (see section 772.3) and was told they were additional witnesses and no notice of their testimony, as provided by section 780.10, had been given.

The prosecutor then stated the added witnesses were Des Moines police officers Parks and Warrick who would testify that in the early hours of November 10 defendant and another were riding in a car in Des Moines, the car was stopped and blank checks with "Ottumwa Iron and Metal Co." printed thereon were found in the car; the prosecutor did not give the notice of additional testimony because he had mistakenly understood until the preceding day the blank checks were in the possession of the FBI and he intended to try to offer the evidence as rebuttal.

When the nature of the additional evidence was disclosed, defendant's counsel objected to its receipt as unfair, the State "in fairness to defendant" withdrew its motion to offer additional evidence and the court announced the record stood as it was when the State rested.

Defendant's evidence consisted of the opinion of a handwriting expert that after comparing the writing on the back of the two forged checks with a known sample of handwriting of defendant, Tucker and one Russell, defendant wrote no part of the forged checks, Tucker wrote the endorsement on the smaller check and Russell the endorsement on the larger one. On cross-examination the witness said all he knew about the case

came from his examination of the signatures. Defendant then rested.

The State was then permitted to offer as rebuttal the testimony of Des Moines police officers Parks and Warrick previously referred to. They said Tucker was driving the car they stopped about 2:30 a.m. November 10, defendant was a passenger in it, it was owned by Russell, Tucker was arrested for driving without an operator's license and defendant for intoxication, the officers found in the car some blank checks by Ottumwa Iron and Metal Co., after defendant was placed in the squad car he escaped and ran but was soon apprehended and returned, the checks were offered and received in evidence.

Defendant's counsel stated he made no objection to the offer of the blank checks, but the officers' testimony was objected to, and there was a motion to strike it, in part as not proper rebuttal. The court overruled defendant's objection to most of the testimony and permitted it to stand. The State then rested and defendant's counsel stated he had no surrebuttal testimony. The claimed error in these rulings was asserted in defendant's motion for new trial along with the alleged newly discovered evidence.

Although we do not consider the matter we will say the claimed newly discovered evidence was based on affidavits of Tucker and Russell that they entered the food store and endorsed and cashed the two forged checks and defendant was not in the store on the evening in question; also that the affiants pleaded guilty to indictments similar to the one returned against Nelson and were sentenced.

I. We have quoted supra the provision of Code section 780.5, subsection 6, that parties who have offered their evidence in chief may "offer rebutting evidence only, unless the court, for good reasons, in furtherance of justice, permit them to offer evidence upon their original case."

We have also referred to the familiar requirement of section 772.3 that the names of all witnesses on whose evidence an indictment is found must be endorsed thereon and the minutes of such evidence filed therewith. And section 780.10 provides the county attorney shall not introduce upon the trial any witness the minutes of whose testimony were not so pre-

sented with the indictment unless, at least four days before trial, he has given defendant or his attorney, if defendant is not found within the county, a notice stating the name and address of such witness and the substance of his testimony.

As previously indicated, the names of the Des Moines police officers were not endorsed upon the indictment and the four-day notice of their testimony was not given.

II. We have held many times the names of witnesses who testify in rebuttal need not be endorsed on the indictment. State v. Johnston, 252 Iowa 335, 340, 105 N.W.2d 700, 702, 703, and citations.

It is also thoroughly settled that the fact testimony used in rebuttal might have been used as part of the State's main case does not render it inadmissible in rebuttal if it rebuts some of the matters testified to by defendant's witnesses. State v. Johnston, supra, and citations. We have several cases of this type approving receipt of testimony in rebuttal to contradict a claim of alibi although it could have been offered as part of the State's original case and the names of the witnesses were not endorsed on the indictment. State v. McCumber, 202 Iowa 1382, 1384, 212 N.W. 137, and citations; State v. Gadbois, 89 Iowa 25, 31, 32, 56 N.W. 272.

As the State points out, we have also held several times the trial court has discretion to admit in rebuttal evidence which should have been offered in chief that is not strictly rebuttal. State v. Merrill, 242 Iowa 1156, 1160, 1161, 49 N.W.2d 547, 550, and citations. We do not find a claim of lack of compliance with sections 772.3 and 780.10 in these precedents.

It is significant that in State v. Slycord, 210 Iowa 1209, 1217, 232 N.W. 636, where the name of the witness used in rebuttal was not endorsed on the indictment and no notice of his testimony was given we held the testimony was rebuttal in character—not that what was not rebuttal could be received as such. See also in this connection State v. Yarham, 206 Iowa 833, 840, 221 N.W. 493; State v. Graham, 203 Iowa 532, 535, 211 N.W. 244.

We recognize the general rule that the trial court has a good deal of discretion in determining what is proper re-

buttal testimony. See 23 C.J.S., Criminal Law (1961), section 1050b, pages 1217–1219; 53 Am. Jur., Trial, section 120, page 106. Our problem is whether there was an abuse of such discretion here. We think there was.

III. Rebutting evidence is that which explains, repels, controverts, or disproves evidence produced by the other side. State v. Parish, 22 Iowa 284, 286. Many cases adopt substantially this definition. See 36 Words and Phrases, Perm. Ed., pages 678, 679; 23 C.J.S., Criminal Law, section 1050a, page 1208 et seq.

Although the testimony of these police officers was a circumstance in support of the indictment, it had no tendency to rebut the opinion evidence of defendant's handwriting expert which constituted his case in chief. If such testimony may be received in rebuttal from witnesses whose names are not endorsed on the indictment and of whom no notice is given, it would seem all testimony is rebuttal and there is no distinction between evidence in chief and that in rebuttal. Such a rule would render of no practical effect the statutory requirements of endorsement of the names of witnesses and notice of the testimony of additional ones.

We think State v. Parish, supra, although an early case, is sound and supports our holding. See also language in State v. Rivers, 68 Iowa 611, 614, 615, 27 N.W. 781.

In 23 C.J.S., Criminal Law, section 1050a, page 1215, contains this: "Evidence which has no direct tendency to impeach, contradict, explain, or otherwise rebut evidence is not admissible on rebuttal."

See also VI Wigmore on Evidence, Third Ed., section 1873, page 511; Underhill's Criminal Evidence, Fifth Ed., section 547, page 1365.

The error in receiving in rebuttal the testimony of the police officers necessitates a new trial.—Reversed and remanded.

All JUSTICES concur.