STATE of Iowa, Appellee,

v.

Clifford Vernon ANDERSON, Appellant.

No. 52851.

Supreme Court of Iowa.

June 11, 1968.

Walter W. Rothschild, Waterloo, for appellant.

Richard C. Turner, Atty.Gen., William A. Claerhout, Asst.Atty.Gen., Roger Peterson, County Atty., and David J. Dutton, Asst. County Atty., for appellee.

LARSON, Justice.

A county attorney's information was filed May 23, 1967, charging Clifford Vernon Anderson, the defendant, with the crime of breaking and entering in violation of section 708.8 of the Code of 1966. Subsequent to a plea of not guilty and trial by jury, defendant was convicted and on June 30, 1967, was sentenced to the Iowa State Penitentiary for a term not to exceed ten years.

The record discloses that in the early morning hours of April 9, 1967, there was a break-in at Herman and Dick's Sport Shop in Waterloo, Iowa. A witness, Willard Forbes, testified he was driving past that place of business about 1:25 A.M. and observed a man standing near the doorway of Herman and Dick's Sport Shop with a cash register in his hands. He closely observed this man, saw him drop and pick up the register, and go around the corner of the building. He also observed a hole in the door, and then went directly to the police station, a distance of one and a half blocks, to report what he had seen. Forbes was later contacted by police about 4 A.M. and a short time later identified the defendant as the man he saw holding the cash register in front of the sport shop.

Several police officers, called by the State, testified inter alia, as to the scene of the break-in, that the door plate glass was broken, that a cash register was found in a broken condition near the scene of the break-in, and that the defendant, spotted a block from the scene, ran into a nearby

apartment building where he was apprehended.

Immediately after apprehension, but later denied in court, it appears defendant told the officers that a lady friend had driven him to the intersection of Eleventh and LaFayette Streets, about four blocks from where he was apprehended, and that he had been at a tavern, T. J.'s Tap, until around 2 A.M., although at that time it was only 1:55 A.M. In an attempt to verify his story the officers brought the owner of T. J.'s Tap to the scene. He said that he could not say for sure whether defendant had been in his bar that night, but recalled that he was alone in the bar after 1:20 A.M. A defense witness, Miss Apfel, testified defendant left Verla's Bar about four blocks from the sport shop at between 1:15 and 1:20 A.M.

The defendant took the stand in his own defense and testified, in response to a question by his attorney, that he had previously been convicted of a felony, the nature of which was not disclosed. He further testified that on the night in question he had been at Verla's Tap all evening, except for about forty-five minutes, during which time he went to T. J.'s Tap. He stated that he then did not leave Verla's Tap until about 1:20 A.M. He also said that, when he left there, he went to the apartment building where he was apprehended by officers. He explained that he was looking for his roommate and a man named Danny, who lived there.

On rebuttal the State introduced, over objection, a tape recording of police transmissions between 1:39 and 2 A.M. on the night of the break-in, for the purpose of resolving a dispute as to the time of the report of the break-in and the time the defendant was taken into custody. Testimony was also produced that no one named Danny lived in the building in which the defendant was apprehended after close pursuit by the officers.

Appellant assigns as error (1) the submission to the jury of Instruction No. 13 relating to a prior conviction of a felony, and (2) the admission into evidence of a recording of the police radio messages, over timely objections.

■ I. In considering defendant's appeal from conviction, the issue as to the sufficiency of the evidence must be viewed in a light most favorable to the State. State v. Allnutt, Iowa, 156 N.W.2d 266, 267; State v. Everett, Iowa, 157 N.W.2d 144, 145; State v. Frink, 255 Iowa 59, 64, 120 N.W.2d 432, 435; State v. Harless, 249 Iowa 530, 531–532, 86 N.W.2d 210, 211.

■ II. It is well established that when the defendant is a witness in his own behalf in a criminal case, he stands upon the same footing concerning his memory, history, motives, or matters affecting his credibility, as any other witness. State v. Everett, supra, Iowa, 157 N.W.2d 144, 147; State v. Allnutt, supra, Iowa, 156 N.W.2d 266, 273; State v. Voelpel, 208 Iowa 1049, 1050, 226 N.W. 770, 771.

Section 622.17, Code of 1966, provides: "A witness may be interrogated as to his previous conviction for a felony. * * *"

■ It is well established in this jurisdiction that a defendant who takes the stand in his own behalf may be asked if he has been previously convicted of a felony. State v. Everett, supra; State v. Frink, supra, 255 Iowa 59, 68, 120 N.W.2d 432, 438; State v. Hardesty, Iowa, 153 N.W.2d 464, 469. A previous felony conviction, we have said, may be shown on *cross-examination* to impeach the witness and *for no other purpose*. State v. Allnutt, supra; State v. Underwood, 248 Iowa 443, 445, 80 N.W.2d 730, 732; State v. Frink, supra; State v. Van Voltenburg, 260 Iowa 200, 147 N.W.2d 869, 874, 875.

■ Appellant contends any felony that is not related to the truth and veracity of the witness is improper for impeachment purposes, but, while we may or may not agree with that position, that issue is not before us. Here the State did not ask the

question of defendant, and there was no evidence as to the nature of the felony he said he had committed. Apparently, in the exercise of caution, the trial court gave Instruction No. 13 relating to the restricted purpose that testimony could be considered by the jury.

III. Appellant's principal complaint herein is the giving of Intruction No. 13, which states in part:

"The Defendant has admitted that he has previously been convicted of a felony and another witness also admitted that he had previously been convicted of a felony.

"These are recognized methods of impeaching a witness and discrediting a witness' testimony and should be considered for no other purpose. It is for the jury to say whether a witness has been successfully so impeached. You may disregard the testimony of an impeached witness, but you are not bound to do so, and you should not do so if the testimony is corroborated by other credible evidence, or if for any other reason, you believe such testimony to be true. The credit and weight of the testimony of the witnesses are to be determined by the jury alone, in view of all of the evidence, and all of the facts and circumstances of the case.

"The foregoing instruction is applicable to the Defendant's admission that he has been previously convicted of a felony notwithstanding the fact that this admission was made in response to direct examination by his counsel."

 We are satisfied the instruction was proper and that, under the facts revealed by the record, it was required. It matters not who asks the question. When no proper objection is made as to its relevance, the jury is bound to give it consideration unless otherwise directed by the court. Without such an instruction, the jury might speculate as to what inferences might be drawn from that admission. In discussing the application of section 622.17 of the Code in State v. Underwood, supra,

248 Iowa 443, 445, 446, 80 N.W.2d 730, 732, we said: "Evidence relating to a prior conviction of a felony is not to be considered by the jury as evidence tending to connect the defendant with the commission of the offense charged, nor for the purpose of establishing his guilt, but may be used only for the purpose of testing the credibility of the witness. State v. Johnson, supra [152 Iowa 675, 133 N.W. 115]. Any other implication is improper."

In State v. Van Voltenburg, supra, 260 Iowa 200, 147 N.W.2d 869, which considered a like question, we referred to the Underwood case and approved its holding that, when a defendant testifies that he has been convicted of a felony, such an instruction *must* be given. We said therein at page 875: "There is to us no invasion of constitutional rights by adherence to the rule that an accused who exercises the right to testify may, like any other witness, be impeached upon a showing he has previously been convicted of a felony. * * * And, by appropriate instruction, the jury should *always* be advised that evidence of prior convictions is to be considered for the purpose of impeachment only." (Emphasis added.) State v. Johnson, supra.

As the State contends, it could not advantage the defendant by asking the question as to former felony convictions. We are satisfied that, if this or a similar instruction had not been given, defendant would have vigorously maintained, with considerable merit, that the trial court had committed reversible error in failing to do so. In order to avoid any charge that this evidence was improperly considered by the jury, we conclude the instruction was appropriate and necessary.

IV. Appellant's next assignment is that the trial court erred in admitting into evidence the recording of police radio messages relative to the events at or near the time of the alleged offense and the defendant's apprehension. He contends this evidence, properly objected to, was hearsay, that no proper foundation for the admission of this

evidence was established, that it was irrelevant and immaterial, that it invades the province and function of the jury, and that it was not properly admitted as rebuttal evidence.

Section 622.28 of the Code of 1966, provides in part: "Any writing or record, whether in the form of an entry in a book, or otherwise, including *electronic means and interpretations thereof,* offered as memoranda or records of acts, conditions or events to prove the facts stated therein, shall be admissible as evidence if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from thich made and the method and circumstances of their preparation were such as to indicate their trustworthiness, and if the judge finds that they are not excludable as evidence because of any rule of admissibility of evidence *other than the hearsay rule.*" (Emphasis added.) This is a relatively new statute (Acts 1961, 59th G.A., chapter 288, § 1, repealing former section 622.28) and there has been little case law interpreting it. State v. Hall, 259 Iowa 147, 143 N.W.2d 318.

Although we have not had occasion to pass directly on the admission of tape recordings of police radio messages, the problem arose in the case of State v. White, Iowa, 151 N.W.2d 552. Therein the defendant claimed a right to have tape recordings of police radio messages produced at trial, where it was shown they had been made and preserved, to exculpate him from the crime with which he was charged. The court, although not specifically referring to section 622.28, held that the tape recordings should have been available to the defendant and, if found germane by the trial court, available for the jury to hear. From the plain wording of section 622.28, unless objectionable on other grounds, a tape recording of communications maintained by a two-way radio system between the police in the field and the police station is admissible even though it may be hearsay.

Here the officer in charge of records and identifications testified this police radio communication system, under the Federal Communications Commission requirements, must preserve the messages sent and received by their two-way radio. They are preserved on a dictaphone machine, and the belts are numbered and carefully stored. The time of each message should be given at the end of each conversation, and apparently this was done in the instant case.

Since the recording machine could not be brought into court, a tape recording of those communications between 1:39 and 2 o'clock on the morning of April 9, 1967, was introduced into evidence and, as interpreted by the officer, was heard by the jury as a part of the State's rebuttal. The officer testified that the tape had been securely stored, had not been altered in any way, and that it was an accurate and complete copy of the information on the belt offered into evidence.

 Within its sound discretion the trial court apparently found (1) that the record was made in the regular course of business, (2) that it was made at or about the time of the act, condition, or event recorded, (3) that the source of information from which the record was made and the method and circumstances of its preparation were such as to indicate its trustworthiness, and (4) that the record is not excludable as evidence because of any rule of admissibility of evidence other than the hearsay rule. Our examination of the record leads us to concur in the sufficiency of that determination.

We are satisfied that the trial court did not err in holding this evidence came within the purview of section 622.28 of the Code, that the requirements of that section were met by the State, and that a proper foundation for its admission was established.

V. Next we turn to appellant's general contentions that portions of the tape recording were irrelevant and should not have been submitted to the jury, and that the interpretations of the officer invaded the province of the jury and should have been excluded.

■ Considerable discretion as to the admissibility of evidence under the statute is left with the trial court. If the trial judge finds that the evidence offered complies with the requirements of the statute (section 622.28), it is admissible and the weight thereof is for the jury. Ritland v. Security State Bank, 257 Iowa 21, 26, 131 N.W.2d 464, 468.

■ The trial court had before it a recording of the police radio messages, and also the operator of the devices and custodian of the tapes. If it was convinced of the accuracy of the mechanical and human operations, and that proper care of the record had been exercised, its broad discretion to determine the admissibility of the evidence as relevant and trustworthy will not be disturbed upon appeal unless abuse of that discretion appears. We find no such abuse here.

■ Appellant's complaint as to the relevancy of the tape recording, because it is not clear just what parts of it related to this offense and what related to other police matters on the radio during that period, has no merit. It is true there may have been other police communications on the tape during that period which had no connection with this offense, but unless such are clearly prejudicial to the accused, they should not be deleted. Tampering with the recording could well make it inadmissible.

■ We have often held that the question of the relevance and materiality of the evidence rests within the sound discretion of the trial court. State v. Slauson, 249 Iowa 755, 762, 88 N.W.2d 806, 809; State v. Schrader, 243 Iowa 978, 983, 55 N.W.2d 232, 235.

■ As pointed out by the State, it is impossible to determine whether the trial court here abused its discretion without knowing what matters other than this crime report were included in the tape recording. Without such a showing, we must indulge in the rule that the actions of the court are regular and proper unless the contrary is made to appear. State v. Bastedo, 253 Iowa 103, 110, 111 N.W.2d 255, 259; State v. Meyers, 256 Iowa 801, 803, 129 N.W.2d 88, 90. Also see 24A C.J.S. Criminal Law § 1849.

If irrelevant evidence does appear in such a recording, unlss it also appears that it had some prejudicial or wrongful effect upon the jury, it cannot result in a reversal. As to this matter, we said in State v. Slauson, supra, 249 Iowa 755, 760, 88 N.W.2d 806, 809: "While most all evidence against an adverse party is prejudicial in the sense that it creates a resistance to the success of one party's case, such objections as we found herein are really directed to the contention that the evidence is too remote and prejudicial to be accepted as relevant. Thus the prejudicial aspect becomes important only when the evidence has a minimum of probative quality. It follows, then, that primarily it is for the trial judge to decide, first, whether the offered evidence has some probative force, and second, to balance the value of that evidence as a contribution in the solution of the fact issue against the danger of its prejudicial or wrongful effect upon the triers of fact." See also Ladd, Determination of Relevancy, 31 Tulane L.Rev. 81–90; Uniform Rules of Evidence, Rule 45.

Since there is nothing in this record from which we can ascertain if there was irrelevant matter on the recorded tape, or if so, whether it had or could have had a prejudicial or wrongful effect upon the jury, we hold the trial court did not err in its ruling in this regard.

VI. Appellant next argues that the court erred in permitting the witness to interpret the material contained on the tape as an invasion of the jury function. We find no merit in this argument. Section 622.28 provides: "Any writing or record, whether in the form of an entry in a book, or otherwise, including electronic means *and interpretations* thereof * * * shall be admissible * * *." (Emphasis added.) It is quite clear from these words the legislature was aware that explanations are often necessary to clarify the meaning of terms, abbreviations, and expressions used by the authors of these records. Universally, police calls are coded by numbers and offenses are referred to by an arrangement of letters, such as O.M.V.I. Officers as well as cars are referred to by numbers and, when all these terms are recorded on a tape such as we have here, an explanation by a knowledgeable officer does not amount to an invasion of the jury function. Nothing appears herein to indicate the interpretation given went beyond the purview of the law.

VII. Appellant's final assignment is that the trial court erred in admitting the recording of police radio messages as rebuttal evidence.

It is well settled in this jurisdiction that rebutting evidence is that which explains, repels, controverts, or disproves evidence produced by the opposition. State v. Nelson, Iowa, 153 N.W.2d 711, 714; State v. Parish, 22 Iowa 284, 286. As pointed out in Nelson, many cases adopt substantially this definition. See 36 Words and Phrases, Perm.Ed., pp. 678–679; 23 C.J.S. Criminal Law § 1050 a.

It is also well settled that the trial court has considerable discretion in determining what is proper rebuttal evidence. State v. Nelson, supra, and citations; State v. Johnston, 252 Iowa 335, 340, 105 N.W.2d

700, 702; State v. Merrill, 242 Iowa 1156, 1160–1161, 49 N.W.2d 547, 550.

We have often said that the trial court has discretion in admitting rebuttal evidence which should have been offered in chief that is not strictly rebuttal. State v. Merrill, supra, and citations. In State v. Nelson, supra, 153 N.W.2d at page 714, we said: "It is also thoroughly settled that the fact testimony used in rebuttal might have been used as part of the state's main case does not render it inadmissible in rebuttal if it rebuts some of the matters testified to by defendant's witnesses. State v. Johnston, supra, and citations. We have several cases of this type approving receipt of testimony in rebuttal to contradict a claim of alibi although it could have been offered as part of the state's original case * * *. State v. McCumber, 202 Iowa 1382, 1384, 212 N.W. 137, and citations; State v. Gadbois, 89 Iowa 25, 31–32, 56 N. W. 272."

Herein the record reveals that the defense produced two witnesses whose testimony had the effect of providing a time alibi for the defendant. The defendant claimed that he was in a bar some few blocks from the scene of the crime until about 1:20 A.M. and thus could not have committed the crime. Two witnesses corroborated this claim. The trial court gave ample consideration to the objection raised by defendant to this rebuttal evidence. In any event, although the evidence might not have been rebuttal in the true sense of the word, at the very least it attempted to test the credibility of defendant's two alibi witnesses. We conclude that this evidence was properly admitted and the trial court did not abuse its discretion in so doing.

In light of the foregoing, we affirm.

Affirmed.

All Justices concur.