**STATE of Iowa, Appellee,**

v.

**Charles F. WILLEY, Appellant.**

**No. 53440.**

Supreme Court of Iowa.

Oct. 14, 1969.

P. F. Elgin, Indianola, for appellant.

Richard C. Turner, Atty. Gen., Larry Seckington and Thomas L. Moser, Asst. Atty. Gen., and Steve Hall, County Atty., for appellee.

RAWLINGS, Justice.

Charged by county attorney's information with the crime of uttering a forged instrument, defendant entered a not guilty plea. Trial jury found him guilty, sen-

tence was entered, his motion for a new trial overruled, and he appeals. We affirm.

Carol Blake, a teller at Warren County Bank, Indianola, Iowa, testified to the effect defendant tendered to her on May 27, 1968, a check dated May 24, 1968, for $345.-50, drawn on First Federal State Bank, Des Moines, with Harold Harvey being the named maker. Charles F. Willey Sr., the payee, and it was accordingly endorsed. A deposit of $245.50 was credited to Willey's account and he received $100 cash.

Following arrest of defendant the sheriff obtained from him an unchallenged handwriting specimen. See Gilbert v. State of California, 388 U.S. 263, 266–267, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178.

Harold Harvey, a witness for the state, testified the signature of maker on the check was a forgery.

Duane Barton, a handwriting expert and an information named witness for the state, testified in chief that after comparison of defendant's exemplar with the check it was his opinion the handwriting on both instruments was by the same person.

Winsor G. Moore, also a handwriting expert, called as a witness for the defense, opined that his comparison of the check with the handwriting specimen did not conclusively show defendant authored the forged document. In support of this opinion he referred to differences in writing based in part on variations in slant, size, style and spacing.

Called as a rebuttal witness by the state Mr. Barton, over defendant's objection, was permitted to explain the variances referred to by Mr. Moore, and stated that in his opinion they could be attributed to an attempt by the check's author to disguise his handwriting.

The sole error asserted by defendant on appeal is, trial court erred in overruling the defense asserted objection to Mr. Barton's testimony, when recalled, because it was not proper rebuttal and injected a new or different theory relative to authorship of the check.

I. On the subject at hand this court said in State v. Hephner, Iowa, 161 N.W.2d 714, 718: "Although evidence which has no direct tendency to impeach, contradict, explain or otherwise rebut evidence is not admissible on rebuttal, 'we recognize the general rule that the trial court has a good deal of discretion in determining what is proper rebuttal testimony. See 23 C.J.S. Criminal Law § 1050b, pp. 1217–1219 (1961); 53 Am.Jur., Trial, section 120, p. 106.

" ' * * *

" 'It is also thoroughly settled that the fact testimony used in rebuttal might have been used as part of the state's main case does not render it inadmissible in rebuttal if it rebuts some of the matters testified to by defendant's witnesses. * * *

" ' * * * we have also held several times the trial court has discretion to admit in rebuttal evidence which should have been offered in chief that is not strictly rebuttal. State v. Merrill, 242 Iowa 1156, 1160–1161, 49 N.W.2d 547, 550, and citations. * * *

" ' * * *

" 'Rebutting evidence is that which explains, repels, controverts, or disproves evidence produced by the other side. State v. Parish, 22 Iowa 284, 286. Many cases adopt substantially this definition. See 36 Words and Phrases, Perm. ed., pp. 678–679; 23 C.J.S. Criminal Law § 1050a, p. 1208 et seq.' State v. Nelson, Iowa, 153 N.W.2d 711, 714–715. See also State v. Anderson, Iowa, 159 N.W.2d 809, 816, where we quoted with approval from Nelson, and citations in these cases."

With regard to the foregoing see also 29 Am.Jur.2d, Evidence, sections 250, page 298, and 269, page 318.

And Underhill's Criminal Evidence, Fifth Ed., Volume 2, section 313, page 789, 791,

contains this pertinent statement: "It is permissible to rebut testimony of an expert by other experts."

In the case at bar Mr. Moore's testimony regarding some delineated differences between the check and exemplar would, if believed, permit the jury to find the forged instrument was not written by defendant.

On the other hand Mr. Barton's testimony, when recalled as a witness for the state, was offered to explain, controvert or disprove that previously given by Mr. Moore. This was clearly rebuttal evidence.

Furthermore, even though Mr. Barton's testimony when recalled to the stand be classified as evidence which the state could have offered in chief, its admissibility was still within trial court's sound discretion. See in this respect section 780.5(6), Code, 1966; State v. Hephner, supra; State v. Crandall, 227 Iowa 311, 319, 288 N.W. 85; and State v. Graham, 203 Iowa 532, 535–536, 211 N.W. 244.

We here find no abuse of discretion by trial court.

Affirmed.

All Justices concur.