STATE of Iowa, Appellee,

v.

Floyd Wayne WALKER, Appellant.

No. 55950.

Supreme Court of Iowa.

May 22, 1974.

Michael G. Shepherd of Peddicord, Simpson & Sutphin, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., Raymond A. Fenton, County Atty., and Jack King, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant, Floyd Wayne Walker, appeals from judgment entered on jury verdict finding him guilty of larceny of a motor vehicle. We reverse.

Four witnesses inceptionally presented testimony on behalf of the prosecution.

Ruth Ann Selzer testified she left her grey 1961 Chevrolet in the State Capitol parking lot, February 11, 1972, and never gave defendant permission to take or use the car. At 4:30 that afternoon the Chevy was missing.

James Stevens, Des Moines police officer, stated that on February 12th he found said automobile parked in front of the residence at 1633 East Capitol. Subsequent attempts to question defendant were unsuccessful and he was arrested. At the police station booking room Walker volunteered this statement: "You know, if you would got me last night, you would have got me for being intoxicated as well as driving that car."

Frank Steven Sykora said that on February 11th or 12th he rode in a grey Chevy with defendant and was told by the latter the car had been borrowed. Sykora also testified he and Walker tried to find a tow chain with which to pull another car stuck in the snow.

Gary Porter's testimony reveals February 11th or 12th he saw defendant driving a grey 1961 or 1962 Chevy. At that time Sykora was with defendant. Those two came to Porter's home at 1619 Capitol and attempted to borrow a tow chain. Porter later observed the aforesaid grey Chevy parked on Capitol, and a green car behind it. He also saw the police tow away both of these automobiles.

The State then rested and defendant moved for a directed verdict which was overruled.

Testifying on his own behalf Walker stated he stayed with Sykora February 11th; removed the Selzer Chevy, absent her permission, from the Capitol parking lot; that after two futile attempts he managed to borrow a chain and with it pulled a snow bound green Chevrolet from 19th or 20th and High to 1633 Capitol; it was never his intention to keep the grey Chevy but rather use it to free the green Chevrolet he had previously borrowed from some unidentifiable friend.

The prosecuting attorney thereupon advised trial judge, in absence of the jury, an

officer to be later called by the State would testify regarding vehicle larceny reports indicating the green 1963 Chevrolet had been stolen, and later recovered. Defendant's attendant suppression motion was overruled.

In rebuttal the State called Richard Kail, Des Moines policeman assigned to the Report Review Section, a custodian of reports coming into the station. Exhibit A was then identified as a larceny report on a green 1963 Chevy, and Exhibit B a recovery report signifying the vehicle had been located in front of the premises at 1633 Capitol.

As a preface to objection defense counsel was permitted to question the witness. It was thus disclosed Kail did not personally prepare either of the two exhibits; all such reports are made out by officers in the field then brought to the reports section; he was only one of three officers in charge of such reports; any of the three can and do remove an original report from the files; and if a removed report sheet was replaced with another the change would not be known.

Defendant's attorney then voiced objection to introduction of Exhibits A and B because no proper foundation had been shown for their introduction as business records, and they were irrelevant to the charge upon which Walker was being tried, i. e., larceny of a 1961 grey Chevrolet, not a 1963 green Chevy. That objection was overruled and the exhibits admitted in evidence.

Defense counsel later attempted to cross-examine Kail regarding content of the exhibits but trial court sustained State's objection on the ground they were in evidence and Kail had testified he had nothing to do with preparation of the reports.

Prior to submission of instructions defendant objected thereto because trial court had failed to advise the jury regarding the included offense of operating a motor vehicle without the owner's consent.

After return of the guilty verdict defense counsel unsuccessfully moved for judgment notwithstanding or for a new trial, again urging in support thereof all matters above set forth.

At cost of unavoidable repetition the involved factual situation will be later considered in greater detail.

As a basis for reversal defendant contends trial court erred in (1) overruling his directed verdict motion; (2) overruling objection to an improper question asked of defendant; (3) overruling objection to introduction of police file reports; (4) refusing defendant leave to cross-examine officer Kail as to content of said reports; and (5) refusing to instruct the jury on an included offense.

■ I. The issue raised by Walker as to overruling of his directed verdict motion requires no extended discussion.

By the above noted post-verdict motions defendant asserts his motion for a directed verdict, made at close of the State's case, was reasserted after presentation of all the evidence. But our search of the entire record fails to reveal any such renewal thereof. It is therefore deemed waived. See State v. Tokatlian, 203 N.W.2d 116, 119 (Iowa 1972).

■ II. On direct examination Walker testified he had temporarily taken Ruth Ann Selzer's car in order to tow a snow bound borrowed green Chevrolet.

During cross-examination of accused he was asked this question: "Has that man you took the green car from ever contacted you and wanted to know where his car is?"

Defendant objected thereto on the ground that use of the word "took" constituted a misstatement of the record. It is now contended trial court erred in overrruling this objection because the question prejudicially infers the green car was stolen.

It is apparent defendant implicitly contends the only connotation for "took" is "stole". That is not correct. "Took" is the past participle of "take", which ordinarily means to receive, or to get into one's hold, control or possession. See 83 C.J.S. at 938–939.

Although phraseology so employed by the prosecuting attorney is not to be commended, we find therein no basis for reversal.

III. The problem next to be resolved is whether trial court erred in overruling defendant's motion to suppress testimony by Officer Kail, and subsequent objections to related introduction in evidence of the police department motor vehicle larceny reports.

In that area, as heretofore disclosed, Walker testified he appropriated the grey 1961 Chevrolet in order to tow a 1963 green Chevy previously borrowed from an unidentified friend, and to his knowledge that car had not been stolen.

Then, in absence of the jury, the assistant county attorney stated Officer Kail would be called to offer in evidence the aforesaid Exhibits A and B which indicated a green 1963 Chevy had been reported stolen January 24th at 7:00 a. m.

By his motion to suppress such evidence defense counsel contended it was (1) irrelevant; (2) devoid of any showing defendant had participated in or had knowledge of the reported larceny; and (3) an improper attempt by the prosecution to show a similar offense as to which Walker had been neither charged nor prosecuted.

In resisting that motion the prosecuting attorney contended the proposed evidential showing was proper "as a method of impeaching the defendant herein who on direct examination or direct testimony testified that the green car was a borrowed car and that to his knowledge, was not a stolen car."

As previously stated, defendant's suppression motion was overruled.

Thereafter Officer Kail was called by the State as a rebuttal witness. When Exhibits A and B were attendantly offered in evidence defendant objected "to these as not being the proper foundation as business records, and that they are irrelevant to any charge in this matter and this case does not reflect on a 1963 Chevrolet." Defense counsel further incorporated in the above objection all grounds urged in support of his suppression motion. These objections being overruled, Exhibits A and B were admitted in evidence for the limited purpose of impeachment. At close of trial the jury was accordingly instructed.

By reason of our holding, *infra,* no useful purpose will be served by discussion of the business record issue. In that regard, however, see State v. Fisher, 178 N.W.2d 380, 383 (Iowa 1970); State v. Anderson, 159 N.W.2d 809, 814–815 (Iowa 1968). And as to form of the objection interposed see State v. Buchanan, 207 N.W.2d 784, 788 (Iowa 1973).

But defendant further contends the police car theft reports were irrelevant and prejudicial in that they tended to show a criminal act not instantly involved, and improperly implied he was involved in the theft of a 1963 green Chevrolet.

The State counters by arguing admissibility of rebuttal and impeaching evidence rests largely in trial court's discretion.

■ It is inceptionally understood a testifying defendant stands in the same position as any other witness. His credibility is therefore in issue and may be open to appropriate attack. See State v. Martin, 217 N.W.2d 536 (Iowa, opinion filed April 24, 1974); State v. Shipp, 184 N.W.2d 679, 680 (Iowa 1971).

And the showing of specific material testimonial error or conflict is a recognized impeaching tool. See 3A Wigmore on Evidence, §§ 1000, 1014 (Chadbourn Rev. 1970); McCormick on Evidence, §§ 33, 47 (2d ed. 1972); 58 Am.Jur., Witnesses, § 782; 98 C.J.S. Witnesses § 629.

It will at this point be recalled Exhibits A and B were offered not only for purposes of impeachment but also as rebuttal evidence. The latter is defined as "that which explains, repels, controverts, or disproves evidence produced by the other side." See State v. Willey, 171 N.W.2d 301, 302 (Iowa 1969), quoting State v. Hephner, 161 N.W.2d 714, 718 (Iowa 1968). See also Solbrack v. Fosselman, 204 N.W. 2d 891, 895 (Iowa 1973).

Also, a trial court ordinarily has considerable discretion in determining what is proper rebuttal. On the other hand evidence which has *no direct tendency* to impeach, contradict, explain or otherwise rebut evidence is not ordinarily admissible on rebuttal. See State v. Willey and State v. Hephner, *supra*.

Furthermore, defendant's above noted "irrelevant" objection here comes into play. On that subject this court observed, in State v. Clay, 213 N.W.2d 473, 477 (Iowa 1973), "irrelevant" denotes evidence having no logical tendency to establish any material proposition. See also State v. Warren, 212 N.W.2d 509, 517 (Iowa 1973).

Turning again to the record in this case it reveals Walker testified he borrowed a green Chevrolet from a friend, and to defendant's knowledge that automobile had not been stolen.

The questioned police car theft reports do not, per se, mean a vehicle has in fact been stolen. Neither do they contradict defendant's testimony. Assuming, arguendo, the 1963 green Chevy was actually stolen, it may have been so misappropriated by someone other than defendant and subsequently loaned to him. In other words, Exhibits A and B do not prove or tend to prove defendant stole the green car or knew it had been stolen.

From this flows the conclusion the questioned police car theft related reports (1) stand as impermissible rebuttal; (2) were irrelevant; (3) did not constitute impeachment; and (4) were clearly prejudicial to defendant. Upon that basis we find reversible error.

This also means trial court erred in submitting to the jury, over defendant's timely objection, instruction 7½ regarding impeachment.

IV. Another related error urged on appeal is, in essence, trial court erroneously barred cross-examination by defendant of Officer Kail as to the content of Exhibits A and B.

By virtue of our holding, *supra*, that question will not likely arise again on retrial of this case. Consideration of the instant assignment is therefore unnecessary.

V. The record further reveals defense counsel unsuccessfully voiced timely objection and exception to instruction 11 and verdict forms submitted to the jury because the lesser included offense of operating a motor vehicle without consent of the owner was not included. See The Code 1971, Section 321.76.

As heretofore noted, evidence was presented by Walker to the effect he did not intend to permanently appropriate Ruth Ann Selzer's 1961 Chevy, i. e., it was temporarily taken in order to tow a snow bound car. That expressed intent is accorded some support by the testimony of witnesses Sykora and Porter. And if believed by the jury the foregoing would permit return of a guilty verdict on the above mentioned lesser offense. See State v. Hawkins, 203 N.W.2d 555 (Iowa 1973). Accord, Everett v. Brewer, 215 N.W.2d 244 (Iowa 1974).

Under existing circumstances we are persuaded the jury should have been properly instructed regarding said included offense. Failure to do so constitutes further cause for reversal.

Reversed and remanded for a new trial.