STATE OF IOWA, Appellee, v. ROY YATES, Appellant.

WITNESSES: Competency—Immature Children. The ancient and conclusive presumption that a child under the age of nine years was an incompetent witness has no place in our modern law. With us it is simply a fact question whether the child, irrespective of his age, has, *when offered as a witness*, sufficient understanding to comprehend that, when he is placed under oath, he is pledged to tell nothing but the truth and will be punished if he does not. *Held*, a child of seven years was, under the record, competent.

CRIMINAL LAW: Parties to Offense—Accomplices—Immature Children—Corroboration. Mere *submission* of a child of seven years to a crime against nature gives rise to no presumption of consent on the part of such child to such act; therefore, not being deemed an accomplice from the act of submission, his uncorroborated testimony will support a conviction.

*Appeal from Mahaska District Court.*—HENRY SILWOLD, Judge.

MONDAY, OCTOBER 29, 1917.

DEFENDANT was indicted and convicted of sodomy, and appeals to this court.—*Affirmed.*

*C. C. Orvis* and *O. C. G. Phillips,* for appellant.

*H. M. Havner,* Attorney General, *Maxwell A. O'Brien,* County Attorney, and *McCoy & McCoy,* for appellee.

GAYNOR, C. J.—Defendant is accused of the crime of sodomy alleged to have been committed upon the person of one Glenn Doner on or about the 27th day of October, 1916, in the county of Mahaska, in the state of Iowa. In the court to which the indictment was returned, defendant entered a plea of not guilty, was tried to a jury and convicted, and from this conviction appeals, and urges that the

evidence against him was wholly insufficient to justify the verdict.

A careful reading of the record discloses that Glenn Doner was but seven years of age; that his testimony was relied upon by the State to sustain the charge against the defendant; that without his testimony the verdict cannot stand; that with it the verdict is sustained and justified.

It was urged on the trial and is urged

1. WITNESSES: competency: immature children.

here that the evidence of Glenn Doner should not have been received because of his tender age; that he was not competent as a witness because he lacked that understanding necessary to a proper appreciation of the obligation of an oath; and that an oath had no binding force upon his conscience, and could not, therefore, limit or control him in the giving of his testimony.

It has been held by this court that there is no presumption in favor of the competency of one under fourteen years of age, and it is said that anciently a child less than nine years of age was conclusively presumed to be incompetent of understanding the obligation of an oath. In these modern times, the courts are holding that, while there is no presumption in favor of competency, there is no presumption against competency; that the competency of a child depends upon his intelligence and capacity for understanding. Our statute provides:

"Every human being of sufficient capacity to understand the obligation of an oath is a competent witness." Section 4601, Code, 1897.

There is no age limit placed in the statute. Competency is, therefore, a fact to be determined at the time the child is offered as a witness, and the test is whether the child has sufficient capacity, in fact, to understand the obligation of an oath at the time he is offered. The test is not whether the child, at some previous time or place, un-

derstood the obligation of an oath, but whether the child, at the time he is offered in the particular case, understands and appreciates this. obligation. As said, this boy was a witness against the defendant. Before he was sworn, these questions were propounded to him:

"Q. What is your name? A. Glenn Doner. Q. How old are you? A. Seven. Q. What is your birthday? A. September 28th. Q. Do you go to school? A. Yes, sir. Q. What room are you in? A. In the third room. Q. Do you go to Sunday School? A. Yes, sir. Q. Glenn, if the judge here would have you stand up and hold up your hand like this (indicating), and so have you to promise to testify to the truth, the whole truth and nothing but the truth, would that mean to tell a lie? A. No, sir. Q. What would that mean to you? A. To tell the truth and nothing but the truth. Q. Is it right to tell a lie? A. No, sir. Q. What would happen to you if you told a lie? A. Get punished. By the Court: If I should administer the oath to you, — that is, to swear you, as suggested by the county attorney, — and you would then tell a falsehood, what would become of you? Would you be sent to the penitentiary for perjury, or punished in some way by the state? A. Yes, sir."

Thereupon, over the objection of defendant's counsel, the witness was sworn and permitted to testify.

As said in many authorities cited hereafter, it is not necessary that a child should be able to define an oath or to give a correct definition of perjury or testimony. This is not determinative of his capacity. If it is shown that he comprehends and understands that, upon taking the oath, he is bound thereafter to tell the truth and not to lie, he is competent. If he understands that, upon. the formal administration of the oath by the judge, he is bound thereafter to a statement of the truth and only the truth in his testimony, and that he has pledged himself not to tell a

lie, he is competent. The holding generally is that, if the answers indicate an intelligence sufficient to satisfy the court that the witness was impressed, and understood that it was his duty to tell the truth on such solemn occasion, rather than to tell a lie, and it is made apparent by his answers that he is sensible of the wickedness of telling a falsehood and comprehends the danger of not telling the truth, he is then competent as a witness. He is then shown to have sufficient capacity to understand the obligation of an oath.

Some claim is made that, when this child was before the committing magistrate, his answers did not indicate that he understood the obligation of an oath. The question here is not what he understood on some prior occasion, but rather what he understood at the time he was called upon to testify in this case. The showing here is very satisfactory on that question. The court did not err in receiving his testimony. This question has been so fully discussed by this court heretofore, in cases cited hereafter, that we do not deem it necessary to further discuss it. An examination of these cases will show that age does not altogether control; that children of much more tender years have been allowed as witnesses, and in some cases where the showing of capacity was not nearly as satisfactory as in the case at bar. See *State v. Wheeler*, 116 Iowa 212; *State v. King*, 117 Iowa 484, 486; *Clark v. Finnegan*, 127 Iowa 644, 645; *State v. Meyer*, 135 Iowa 507; *St. Peter v. Telephone Co.*, 151 Iowa 294, 298.

2. CRIMINAL LAW: parties to offense: accomplices: immature children: corroboration.

It is next contended that, assuming this boy to be a competent witness, the defendant cannot be convicted upon his unsupported testimony; that there must be other testimony in the record tending to connect the defendant with the commission of the offense. Upon this point we have to say that the author-

ities are against the contention of the defendant. The evidence does not show consent. The best that can be said for it is that it shows submission to the will of the older and stronger man. To hold this boy an accomplice would be to hold that by mere submission he consented to the crime and became a party to its commission. The law does not presume consent on the mere act of submission on the part of a child of such tender years. There is no proof of consent or participation in the crime further than is found in the act of submission. Intent is a necessary ingredient of crime, and is an essential to render one an accomplice in the commission of a crime. As bearing on this point, see *State v. Sparks,* 167 Iowa 746; *State v. Heft,* 155 Iowa 21, 36; *State v. Pelser,* 182 Iowa—; *Means v. State,* (Wis.) 104 N. W. 815. In this last case the defendant was indicted for the same character of offense involved in the suit at bar. The court said:

"It is said that the boy was an accomplice, and that no conviction can be sustained upon his uncorroborated evidence. Such is not the law in this state. * * * Moreover, an accomplice is one who consents, and a boy of such tender years is not capable of legal consent, and hence is not an accomplice."

See *Kelly v. People,* (Ill.) 61 N. E. 425. The defendant in this case was indicted for a crime against nature. The evidence in the case disclosed that the boy on whom the crime was committed was, at the time, six or seven years of age. It was contended that to convict the defendant the boy must be corroborated in his testimony. The court said:

"Consent on the part of the boy in this case cannot be presumed, he being incapable of understanding the nature of the act. He was incapable of committing a crime. We are not unmindful of the fact that the crime is of a class easily charged and difficult to disprove, and that it should, there-

fore, be established with clearness; but whether it was established in this case must depend upon whether or not the jury believed the testimony of the boy;" and the court held in that case that the evidence of the boy, uncorroborated, was sufficient to justify the verdict.

See *Mascolo v. Montesanto*, (Conn.) 23 Atl. 714. The court held that a minor twelve years of age cannot consent to the act of sodomy on his person, and if he submits to it without resistance, the act is still done by force.

Next, error is predicated upon the action of the court in allowing the State to propound questions to the boy, Glenn Doner, and in allowing Glenn Doner to answer questions that called for hearsay testimony. We have examined the record in respect to these complaints, and find no prejudicial error therein. The matters were purely preliminary, and the answers were in no way prejudicial to the defendant.

Some complaint is made of the argument of counsel for the State, and this, too, is without merit.

An examination of the whole record satisfies us that defendant had a fair trial; that there is no reversible error in the record; and the cause is—*Affirmed.*

LADD, EVANS and SALINGER, JJ., concur.