Sam B. BAKER, Plaintiff-Appellant,

v.

Wm. L. PINKSTON, Jr., Wm. L. Pinkston, Sr., Defendants-Appellees.

No. 13898.

United States Court of Appeals
Seventh Circuit.

March 6, 1963.

James J. Stewart and Thomas L. Davis, Indianapolis, Ind., for appellant.

James E. Rocap, Indianapolis, Ind., Rocap, Rocap & Reese, Indianapolis, Ind., of counsel, for appellees.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

This diversity action was brought by plaintiff Sam B. Baker (appellant) to recover damages arising out of personal injuries alleged to have been caused by the negligence of defendant William B. Pinkston, Jr. in driving his father's automobile. Defendant William B. Pinkston, Sr., father of his codefendant, was joined as a party by reason of his having endorsed his son's driver's license application, thereby agreeing to be bound by any liability of his son in the operation of a motor vehicle.[1]

The case was tried to a jury which returned a verdict favorable to defendants. Judgment for defendants was entered thereon from which this appeal was taken.

The errors relied on for reversal arise out of certain instructions given or refused and the claim that the evidence is insufficient to support the jury's verdict.

Considering the evidence in the light most favorable to defendants, we shall briefly state the basic facts surrounding the accident in question.

On October 31, 1960, at about nine o'clock p. m., plaintiff was one of three passengers in a taxicab. The cab was stopped facing north in the inside northbound traffic lane of North Meridian Street at the intersection of St. Joseph Street in Indianapolis, Indiana. The taxicab had stopped for a red traffic light. The cab lights were on, it was or had been raining and the streets were wet. This intersection was in a business neighborhood.

Defendant, age 17, was driving his father's 1957 Ford station wagon, accompanied by three friends. They were traveling north in the outside lane of North Meridian Street at a speed of about 20–25 miles per hour. As defendant passed an alley about one-half block south of the St. Joseph Street intersection a Cadillac automobile pulled out and away from the east curb and in front of him, traveling north.

To avoid a collision with this car, defendant turned sharply to his left to the inside northbound lane and passed the car. When defendant "was within a car or car and a half length away from" the taxicab he saw it for the first time stopped in front of him. He applied his brakes as soon as he saw it when he "was practically right on top of it." The front end of the Ford struck the rear of the taxicab and knocked it forward about a car length.

Plaintiff was seated in the rear seat of the taxicab. As a result of the collision he was thrown against the top of the cab and then back down against the seat and allegedly suffered the injuries complained of.

Plaintiff charges that the trial court erred in giving Instruction No. 16, on the "emergency doctrine," which reads as follows:

"Where one, without negligence on his part, is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly, if he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency, he is not liable for an injury which results from his conduct, even though another course of conduct would have been more judicious, or safer or might even have avoided the injury.

"So in this case if you find that the defendant William Pinkston, Jr., immediately before the collision of October 31, 1960, was operating his motor vehicle with all due and ordinary care, that he was confronted by a sudden emergency caused by a certain Cadillac pulling out from the curb into his path, that he then pursued the course which an ordinarily prudent person would have followed.

1. For the sake of clarity we shall refer to plaintiff-appellant as plaintiff and de-fendant William B. Pinkston, Jr., the operator of the automobile, as defendant.

when confronted with a like emergency, and that the collision proximately resulted therefrom, then the defendants would not be liable.

"However, if you find that such emergency, if any, was caused or partly caused by such defendant's own negligence, or that after avoiding a possible collision with the Cadillac said defendant could nevertheless, in the exercise of reasonable care, have avoided striking the taxicab in which plaintiff was riding, and failed to avoid such collision, then such emergency would not constitute a valid defense herein."

At the outset, defendant challenges the right of plaintiff to raise objections to this instruction on appeal because of plaintiff's failure to sufficiently bring such objections to the attention of trial court at the time the objections were made. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. We have examined the objections to this instruction made below and find them sufficient to warrant our consideration of this question in this appeal.

■ Plaintiff first contends that it was error to give this instruction for the reason that there was either no emergency or at best an emergency created by defendant's own negligent conduct. We disagree. Our examination of the record leads us to conclude that there was sufficient evidence to warrant a submission of the question of an emergency to the jury for its determination. The trial court did not err in instructing the jury on that issue.

■ Plaintiff argues in the alternative that the instruction "was erroneously drawn in that it lacked any reference to defendant's whole course of conduct leading up to the accident as shown by the evidence," citing Bybee v. Brooks, 123 Ind.App. 129, 106 N.E.2d 693 (1952), and contends that the instruction was mandatory in character. We do not regard the instruction as mandatory. The last paragraph therein sets out the circumstances under which such emergency would not constitute a valid defense. Bybee v. Brooks, supra, was an action brought under the Indiana Guest Act and the instruction tendered and referred to therein was wholly unlike the one under consideration here. Id. at 135, 106 N.E. 2d at 696.

■ The first paragraph of Instruction No. 16 is lifted almost verbatim from an approved statement of Indiana law on the emergency doctrine in Gamble v. Lewis, 227 Ind. 455, 464, 85 N.E.2d 629, 634 (1949). This has since been cited with approval in Taylor v. Fitzpatrick, 235 Ind. 238, 247, 132 N.E.2d 919, 924 (1956). We believe this is a correct statement of the law in Indiana.

■■ The second paragraph of the instruction properly relates it to the case at bar. It need not state all the evidence relating to the emergency. In other instructions the trial court properly charged the jury on reasonable lookout, speed, relevant statutes and other elements concerning the negligence charged in the complaint. The instructions must be considered as a whole. A review of the entire charge to the jury compels the conclusion that it was adequately and properly charged on the emergency doctrine. There was no error in giving Instruction No. 16.

Plaintiff in substance charges that the trial court erred in refusing plaintiff's tendered instructions that defendant was guilty of negligence as a matter of law and directing a verdict favorable to plaintiff on the question of liability. Further, plaintiff contends the verdict and judgment are contrary to law and evidence. Plaintiff concedes that these issues "turn on the quantum of evidence to support the verdict and judgment."

■ The short answer to these latter issues is that in our view the record before us demonstrates to our complete satisfaction that the questions of negligence and liability were for the jury to determine. The trial court did not err in submitting such issues to the jury.

■ The evidence was conflicting in certain respects. Determination of mat-

ters of credibility of witnesses, the weight to be given items of evidence and the resolution of conflicting testimony are within the exclusive province of the jury.

This was a typical rear-end automobile collision case resulting in personal injuries to plaintiff who charges defendant with liability therefor because of negligence. The matter was properly submitted to a jury for determination and it found in favor of defendants. Under the record in this case, the jury was warranted in arriving at such a verdict. Substantial justice has been done. We cannot disturb this verdict and resulting judgment.

Finding no prejudicial error, the judgment of the district court is affirmed.

Affirmed.