**STATE of Iowa, Appellee,**

v.

**Richard BORDOVSKY, Appellant.**

**No. 53879.**

Supreme Court of Iowa.

Jan. 19, 1971.

Norman G. Jesse of Jesse, LeTourneau & Johnston, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., and Ray A. Fenton, Des Moines, County Atty., for appellee.

REES, Justice.

Defendant was charged by grand jury indictment with larceny in the nighttime in violation of section 709.4, Code, 1966. After the entry of a plea of not guilty defendant was tried to a jury and found guilty, and after his motion for new trial was overruled judgment was entered on the verdict and defendant was sentenced to be imprisoned in the state penitentiary. Defendant appeals, asserting error in the court's overruling defendant's pre-trial motion for psychiatric examination and evaluation, and further that the court acted illegally by proceeding to judgment after the court was aware of circumstances which established a reasonable doubt as to defendant's sanity. We reverse the judgment of the trial court, and remand.

The State argues that a mere request for a psychiatric examination by defendant's attorney, unaccompanied by supportive evidence, is not enough to raise a question as to defendant's sanity under section 783.1, Code, 1966. State further contends that since there was no indication the defendant did not understand the nature of the charge or the proceedings or that he was not able to assist in his own defense, that no reasonable doubt arose to require the trial court to order a hearing as to his competency.

I.   The statute involved in this appeal is section 783.1, Code, 1966, which provides,

"If a defendant appears in any stage of the trial of a criminal prosecution, and a reasonable doubt arises as to his sanity, further proceedings must be suspended and a trial had upon that question."

The provisions of section 783.1 have been held to be binding on the trial court.

Hickey v. District Court of Kossuth County, (Iowa, 1970), 174 N.W.2d 406, 409. The question of defendant's sanity may be raised by trial counsel, but if facts appear "in any stage of the trial of a criminal prosecution" the statute requires the court on its own motion to suspend the proceedings and to set a separate trial on the sole issue of defendant's sanity. Therefore, if sufficient facts appear in the record to satisfy the standards of section 783.1 the fact that defendant's counsel did not move under the statute is and should be no factor in determining the legality of the trial court's denial of a separate trial on defendant's sanity.

When the facts or circumstances in a trial suggest a question of reasonable doubt as to the sanity of a defendant, it is initially for the trial court to determine whether a reasonable doubt exists as to sanity. Hickey v. Kossuth County, *supra*, p. 409. The discretion must be guided by the law as to do substantial equity and justice. In Hickey this court established a standard for determination of sanity, saying, "the test of insanity under this section, we have said, is defendant's mental capacity to appreciate the charge against him, understand the proceedings, and conduct his defense." Hickey v. Kossuth County, *supra*, p. 409. Therefore, under this standard, when such a condition becomes evident or manifest to create a reasonable doubt as to the sanity of a defendant, a trial court is required to hold a separate trial on that issue alone.

II. The record in this case is replete with incidents which should have raised a reasonable doubt in the mind of the court as to the sanity of the defendant, and which should have required the trial court to initiate proceedings for the determination of defendant's sanity. Defendant's behavior toward his counsel included repeated requests that his counsel be replaced. On several occasions defendant verbally abused his counsel, and on one occasion actually physically attacked him in open court and in the presence of the jury.

Also, defendant repeatedly referred to one "Delco", an imaginary person who defendant claimed had urged him to commit the crime charged. On the witness stand, defendant stated that "Delco" was sometimes present in the court room and sometimes in his jail cell, and further stated that "Delco" had been his companion in crime before but had never been caught. It is significant to note defendant's story about "Delco" first arose at the time the police arrested defendant at the scene of the crime, at which time defendant said he was supposed to meet "Delco" at a street corner to divide the property stolen.

Defendant's record indicates a problem of chronic alcoholism, and over 200 arrests for intoxication and related offenses. The record also indicates defendant had been hospitalized for hallucinations and unstable mental behavior, and that he had occasionally suffered from delirium tremens.

The State argues evidence of chronic alcoholism is not in and of itself evidence of mental incompetence sufficient to suspend a criminal trial, and that a mere request by the defendant's attorney is not sufficient to raise the issue of incompetency. State further contends that unruly behavior at a trial is not grounds for suspending a proceedings and submitting the question of the defendant's sanity under section 783.1.

While any of the factors enumerated above taken separately might not be sufficient to raise reasonable doubt as to the sanity of the defendant, the combination of circumstances revealed by the record unquestionably required that a separate trial on defendant's sanity should have been ordered. Whether defendant is sane is a question for determination at a separate trial at which the testimony of witnesses expert in the field would be available. The pre-trial motion for a psychiatric evaluation, while perhaps deficient in form, we feel should have been sustained. It is conclusory to argue chronic alcoholism is not sufficient to raise reasonable doubt as to defendant's sanity, but evidence of chronic

acute alcoholism may raise reasonable doubt as to his sanity as a symptom of mental illness. In any event, in this particular case, we must find that under the circumstances revealed in the record, the trial court erred in not finding a reasonable doubt as to defendant's sanity and ordering a separate proceedings for the determination thereof as is required by section 783.1, Code, 1966.

The State alleges that the question of defendant's sanity could not have been raised in the motion for new trial, and cites State v. Tracy, 219 Iowa 1412, 261 N.W. 527. In State v. Tracy, the defendant entered a plea of guilty to the crime of murder, but it is apparent that prior to the entry of the plea of guilty the defendant in that case had been subjected to examination at his own counsel's request.

On the whole record it is apparent the trial court abused its discretion in not ordering a psychiatric examination to aid the court in determining whether a separate trial on the sanity issue should be held. We therefore reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.

All Justices concur.