**STATE of Iowa, Appellee,**

v.

**Herman Otis SHIPP, Appellant.**

**No. 54098.**

Supreme Court of Iowa.

March 11, 1971.

Lucier, Wensel, Swanson, Judkins & Perkins, by Gary H. Swanson, Des Moines, for appellant.

Richard Turner, Atty. Gen., G. Douglas Essy, Asst. Atty. Gen., and Ray A. Fenton, Polk County Atty., for appellee.

STUART, Justice.

Defendant was indicted, tried and convicted of the crime of robbery with aggravation in violation of sections 711.1 and 711.2, Code 1966.

In support of his alibi defense, defendant took the stand and testified he spent the entire night in his girlfriend's home. On cross-examination he was asked if he had ever been convicted of a felony. His counsel's objection that the question was irrelevant, incompetent and immaterial and without proper foundation was overruled. Defendant answered in the affirmative. The only errors urged on appeal relate to the admission of this evidence and the giving of the instruction limiting its purpose to the determination of the credibility of the witness.

■ I. Section 622.17, Code 1966 provides: "A witness may be interrogated as to his previous conviction for a felony. * * * "

When a defendant takes the stand in his own behalf, he stands on the same footing as any other witness in matters affecting his credibility and may be asked if he has been convicted of a felony for the purpose of impeachment. State v. Anderson (Iowa, 1968), 159 N.W.2d 809, 812, and citations; State v. Allnutt (1968), 261 Iowa 897, 909, 156 N.W.2d 266, 273.

The state does not have to lay a foundation to make it admissible. Its admission is authorized by the statute.

As the record does not disclose the nature of the felony or the date on which it occurred, we need not decide whether upon a proper showing the trial court can, in the exercise of its discretion, exclude such evidence as irrelevant or immaterial. We decline, as we did in State v. Anderson, supra, 159 N.W.2d at 812–813, to consider this issue until it is squarely raised by the record. See State v. Schatterman (Iowa, 1969), 171 N.W.2d 890, 896. Defendant cannot claim prejudice without such showing.

We determined in State v. Everett (Iowa, 1968), 157 N.W.2d 144, 147, that inquiry into the previous conviction of a felony did not violate defendant's constitutional rights under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

II. The trial court's instruction No. 8 stated:

"The defendant has admitted that he has been convicted previously of a felony.

This fact may be considered by you for a limited purpose; namely, in judging the credibility of the defendant. The fact of such conviction does not necessarily destroy or impair a witness' credibility and it does not raise a presumption that the witness has testified falsely here. It is simply one of the circumstances that you may take into consideration in weighing and judging the testimony of such witness.

"You are particularly instructed that such fact may not be considered by you as an indication that such witness would be more or less likely than another to have committed this crime; you may use it only for the limited purpose set forth above."

■ Defendant does not claim the instruction is an erroneous statement of the law but argues it "not only will not vitiate any prejudice in the jury's mind, it serves only to bring that conviction more clearly into their minds".

"We are satisfied that, if this or a similar instruction had not been given, defendant would have vigorously maintained, with considerable merit, that the trial court had committed reversible error in failing to do so. In order to avoid any charge that this evidence was improperly considered by the jury, we conclude the instruction was appropriate and necessary." State v. Anderson, supra, 159 N.W.2d at 813. Without this instruction, the jury would be left to speculate as to what inferences it might draw from such testimony.

We find no error in the admission of evidence that defendant had been previously convicted of a felony or in the giving of the cautionary instruction. We therefore conclude defendant was not thereby deprived of a fair trial.

The case is affirmed.

Affirmed.

All Justices concur.