**STATE of Iowa, Appellee,**

v.

**Roy Allen MILFORD, Appellant.**

**No. 54321.**

Supreme Court of Iowa.

May 5, 1971.

P. F. Elgin, of Indianola, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Steve Hall, County Atty., for appellee.

MOORE, Chief Justice.

Defendant, Roy Allen Milford, age 20, was charged, tried, convicted and sentenced for breaking and entering in violation of Code section 708.8 and has appealed. We affirm.

Defendant asserts the trial court erred in (1) admitting into evidence his admissions made after his arrest and before arraignment, (2) failing to sustain his motion made during trial for a mental examination and (3) failing to sustain his exceptions and objections to instructions 12 and 13.

About 4:10 p. m. March 14, 1970 an employee of Geneser Equipment Company at Indianola, Iowa, put $166 in a filing cabinet and upon leaving secured the premises. Two days later it was discovered there had been a breaking and entering and the money stolen. On March 15 Michael McKnight, age 15, left home and his parents reported him to the Indianola police as a "run away". At 6:30 p. m. March 17 Michael was picked up by the police in the outskirts of Indianola accompanied by defendant. Both were taken to the police station and held for investigation. Michael told the police and testified at defendant's trial that he and defendant began talking on March 13 about getting money and leaving town. Thereafter they attempted to break into pay telephones but found that difficult. Michael stated they then talked about getting money from Genesers as he knew where it was kept. On March 15 the two went back of the Geneser store and after talking awhile Michael broke a window, went in and got the money. Defendant "remained outside and watched". When McKnight came out he gave some of the money to defendant. They then obtained a ride to Des Moines where they purchased bus tickets and traveled to Winnipeg, Canada. Within a few hours they returned by bus from Winnipeg to Indianola and were soon thereafter picked up by the police.

About 8:45 of the arrest evening Chief of Police Pace, who knew defendant, gave him the Miranda warnings and defendant stated he understood his constitutional rights. At defendant's request he telephoned and visited with his girl friend for approximately twenty minutes after which he related to Chief Pace substantially the same facts as stated by Michael McKnight. He thereafter signed a written statement (now exhibit 1) containing the details of

the breaking and entering and the trip to Winnipeg. The next morning defendant was taken before a magistrate where he was charged with breaking and entering and arraigned.

In the jury's absence the trial court held an evidentiary hearing in reference to the voluntariness of the statements made to Chief Pace. Defendant stated he made the oral statements and signed exhibit 1 because of threats his girl friend would be involved. Any threats were denied by Chief Pace. The trial court held against defendant on his claim of involuntariness.

I. The thrust of defendant's argument on his first assigned error is that the police violated the requirements of Code section 758.1, he was being illegally held without a warrant and therefore his oral and written statements were inadmissible as a matter of law.

Code section 758.1 provides: "Disposition of prisoner. When an arrest is made without a warrant, the person arrested shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and the grounds on which the arrest was made shall be stated to the magistrate by affidavit, subscribed and sworn to by the person making the statement, in the same manner as upon a preliminary information, as nearly as may be."

■ We have consistently held that failure to take an accused immediately before a magistrate for an arraignment under section 758.1 does not of itself render a statement taken prior thereto inadmissible. State v. Tharp, 258 Iowa 224, 230, 138 N. W.2d 78, 82; State v. Hodge, 252 Iowa 449, 458, 105 N.W.2d 613, 618; State v. Williams, 245 Iowa 494, 501, 62 N.W.2d 742, 746. In those cases, as here, it did not appear defendant was being held for the sole purpose of obtaining a confession. There were several circumstances to be investigated before a proper charge could be determined. The delay in taking defendant before a magistrate was not unreasonable.

II. When the State rested its case in chief defendant's attorney moved for a mental examination of defendant. He stated "defendant appears to be paranoiac, exhibits hostility for the court, the attorneys and witnesses, exhibits a persecution complex, is uncooperative, refuses to assist counsel and threatens to escape if convicted." No evidence was submitted to support the motion. The trial court found no legal ground appeared to support the motion, stated he had observed defendant consulting with his attorney during the voir dire examination of the jury and during the trial, and defendant appeared to be mentally sound and sane. The motion was then overruled. Thereafter defendant testified in his own defense. No difficulty in doing so appears in the record.

Code section 783.1 provides: "Doubt as to sanity—procedure. If a defendant appears in any stage of the trial of a criminal prosecution, and a reasonable doubt arises as to his sanity, further proceedings must be suspended and a trial had upon that question."

■ The test of insanity under this section is defendant's mental capacity to appreciate the charge against him, understand the proceedings, and conduct his defense. State v. Bordovsky, Iowa, 183 N. W.2d 170, 171; Hickey v. District Court of Kossuth County, Iowa, 174 N.W.2d 406, 409; State v. McCollom, 260 Iowa 977, 987, 151 N.W.2d 519, 524.

■ "Reasonable doubt" as used in section 783.1 exists when, after consideration of all the relevant facts, one's mind is left in such a condition that he cannot honestly say he feels an abiding conviction to a moral certainty as to the truth of a matter, and "doubt" is an attitude of the mind toward the acceptance of or a belief in a proposition, theory, or statement in which the judgment is not at rest but inclines alternately to either side. Hickey v. District Court of Kossuth County, supra; State v. Hamilton, 247 Iowa 768, 773, 76 N.W.2d 184, 186.

Determination of whether there was such a doubt rests in the trial court's sound judicial discretion. State v. McCollom, supra; State v. Hamilton, supra. Under all the facts and circumstances here we find no basis for holding this discretion was abused.

III. In instruction 12 the trial court submitted to the jury the question of the weight and credit to be given the oral statements made to Chief Pace and those made in exhibit 1. In the last paragraph thereof the court told the jury a defendant cannot be convicted on a confession unless made in open court or it is accompanied by other proof the offense was committed. Defendant reserved exceptions to instructions until after verdict and then asserted the word confession should not have been used.

The admissions testified to by Chief Pace comprise the complete criminal charge. The alleged admissions of defendant were that he did participate in the crime charged. Defendant was not prejudiced by the use of the term confession rather than admission. State v. Hofer, 238 Iowa 820, 832, 28 N.W.2d 475, 481; State v. Davis, 212 Iowa 131, 134, 235 N.W. 759, 761.

IV. On direct examination defendant admitted having been previously convicted of a felony. The trial court in instruction 13 stated that fact could be considered for impeachment purposes. Defendant argues this instruction constituted reversible error in that special attention is drawn to him in the minds of the jury.

In State v. Miskell, Iowa, 161 N.W.2d 732, 734, we say:

"Section 622.17, Code, 1966, provides: 'Previous conviction. A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof.'

"This section applies to any witness including the defendant in a criminal case.

A previous felony conviction may be shown only to impeach the witness and for no other purpose. State v. Allnutt, supra, Iowa, 156 N.W.2d 266, 273; State v. Hardesty, Iowa, 153 N.W.2d 464, 469; State v. Van Voltenburg, 260 Iowa 200, 147 N.W. 2d 869, 874; State v. Frink, 255 Iowa 59, 68, 69, 120 N.W.2d 432, 438. Instruction 12 carefully limits consideration of defendant's felony conviction to the question of his credibility.

"Instructions 11 and 12 are similar to such instructions as approved by us in the cited cases and do not sustain his claim he did not receive a fair trial." Defendant's last assigned error is untenable.

We find no reversible error.

Affirmed.

All Justices concur except REYNOLDSON, J., who takes no part.