**UNITED STATES of America**
**v.**
**Roosevelt SCARBOROUGH, Jr.,**
**Appellant.**

**UNITED STATES of America**
**v.**
**Jose DIXON, Appellant.**

**Nos. 24430, 24431.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 15, 1971.

Decided Nov. 4, 1971.

---

Mr. Anton M. Weiss (appointed by this court) for appellant in No. 24,430.

Mr. Walter W. Woodside (appointed by this court) filed a brief for appellant in No. 24,431.

Mr. James F. Flanagan, Asst. U. S. Atty. with whom Messrs. Thomas A. Flannery, U. S. Atty. and John A. Terry and John G. Gill, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and GOURLEY,* Senior District Judge for the Western District of Pennsylvania.

MacKINNON, Circuit Judge:

Appellant Scarborough here questions the impeachment of one of his alibi witnesses through the use of a prior forgery conviction.[1] The witness secured her final release from probation approximately ten years and four months prior to the date the past conviction was used to impeach her testimony. At the time of the trial, there was no time limit, statutory or otherwise, on the use of prior convictions for such purposes and the admissibility of the evidence was within the sound discretion of the trial judge. Luck v. United States, 121 U.S. App.D.C. 151, 348 F.2d 763 (1965).

Since the trial, Congress has enacted D.C.Code § 14–305(b) (2) (B) (ii) (Supp. IV, 1971),[2] which provides that prior convictions shall not be used to impeach a witness where the expiration of the witness's period of probation occurred more than ten years before the trial in which he is sought to be impeached. Therefore, if the instant case were retried, the forgery conviction could not be used, because the ten-year limitation has been slightly exceeded. However, since the new statutory rule was not in effect at the time of the trial, the question was within the broad dis-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1964).

1. We see no merit in appellants' attack on the trial judge's impartial references in his jury instructions to facts which were clearly not in dispute. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933). See Lyons v. United States, 325 F.2d 370, 375 (9th Cir.), cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964) ; United States v. Jonikas, 197 F.2d 675, 679 (7th Cir.),

cert. denied, 344 U.S. 877, 73 S.Ct. 171, 97 L.Ed. 679 (1952).

2. D.C.Code § 14–305(b) (2) (B) (ii) provides:

   (B) In addition, no evidence of any conviction of a witness is admissible under this section if a period of more than ten years has elapsed since the later of * * * (ii) the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction of any criminal offense.

cretion of the trial judge. Luck v. United States, *supra*. In view of the close relevancy between a prior forgery conviction and a witness's credibility, we do not believe that the trial judge abused his discretion here by permitting use of such conviction. *See* Davis v. United States, 133 U.S.App.D.C. 167, 170–171, 409 F.2d 453, 456–457 (1967). The lapse of time since the witness committed the prior offense is a matter which goes to her credibility and as such is within the domain of the jury to consider in determining the weight they would give to such evidence.[3] Thus we find that the trial in this respect was without error.

Affirmed.

---

3. Carp v. California-Western States Life Ins. Co., 252 F.2d 337, 344 (5th Cir. 1958) (Credibility of witness is for jury determination—it is peculiarly within its domain); Baker v. Pinkston, 314 F.2d 379, 381–382 (7th Cir. 1963), cert. denied, Baker v. Lane, 380 U.S. 958, 85 S.Ct. 1098, 13 L.Ed.2d 975 (1965) (Determination of matters of credibility of witnesses, weight to be given items of evidence, and resolution of conflicting testimony are within exclusive province of jury); Mascarenas v. Johnson, 280 F.2d 49, 51 (5th Cir. 1960) (Credibility is within the exclusive province of the jury); Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61 (1945) (The determination of credibility is for the trier of fact).