**STATE of Iowa, Appellee,**

v.

**Donald D. SILL, Appellant.**

**No. 54920.**

Supreme Court of Iowa.

June 29, 1972.

**48**

Swift & Swift, Manchester, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and E. Michael Carr, County Atty., Manchester, for appellee.

McCORMICK, Justice.

Defendant was convicted by jury and sentenced for assault with intent to inflict great bodily injury under § 694.6, The Code. We reverse because of error in an instruction on defendant's intoxication defense and in admission of rebuttal evidence of defense witnesses' reputation for truth and veracity.

The trial was on an indictment under Code § 690.6 charging defendant assaulted Khalil Odeh with intent to murder. State evidence indicated a brutal unprovoked beating by defendant of Mr. Odeh outside Club 13 in Ryan, Iowa, in the early evening of October 14, 1969. Defendant offered testimony tending to minimize severity of the attack and to show self-defense. There was also evidence he was highly intoxicated at the time of the incident because of earlier consumption of large quantities of whiskey and beer.

State witnesses in rebuttal testified over foundation objection defendant and three other defense witnesses had bad reputations for truth and veracity in and around Ryan.

The trial court instructed the jury on the main charge, included offenses of assault with intent to commit manslaughter, assault with intent to commit great bodily injury, and assault and battery, and defenses. The two principal questions on appeal are: (1) Was the intoxication defense instruction proper? (2) Did the reputation testimony have sufficient foundation?

I. *The intoxication instruction.* There is no dispute there was substantial evidence of defendant's voluntary intoxication. The challenged instruction told the jury intoxication was material only on the issue of specific intent and could be considered with all other credible evidence bearing upon defendant's mental condition in determining whether the State proved he had the required intent. However, the instruction also said:

"* * * [N]o amount of voluntary intoxication can entirely excuse commission of the crime of assault charged in the Indictment in this case and * * * the lesser assaults included therein, and thereby entitle defendant to an acquittal.

\* \* \* \* \* \*

"Thus, if the defendant \* \* \* voluntarily became intoxicated, or if despite his intoxication, whether voluntary or involuntary, \* \* \* had sufficient purpose, then intoxication would be no defense. But if the defendant involuntarily became intoxicated to the extent that he was incapable of forming an intent to commit the offense charged or any lesser offense included therein as defined in these instructions then he is not criminally responsible."

Defense counsel took timely and adequate exception to the quoted language. He had also submitted requested instructions making voluntary intoxication a defense to all submitted charges except assault and battery if the jury found defendant so intoxicated as to be incapable of required specific intent.

 We have long held, "When specific intent must be shown, intoxication which prevents one from forming such intent is material and may entitle defendant to acquittal." State v. Booth, 169 N.W.2d 869, 874 (Iowa 1969), and citations. It is true in this case the included offense of assault and battery does not require specific intent so no amount of voluntary intoxication would assure acquittal of all charges, but specific intent is by definition an element of the other submitted offenses. The jury should have been told voluntary intoxication to a degree preventing defendant from having such intent would entitle him to acquittal of them. It was reversible error to instruct otherwise. Since the case will be remanded for new trial we also note there was no evidence of involuntary intoxication and no reason to instruct on it.

II. *The reputation testimony.* Three State rebuttal witnesses testified over strenuous and specific foundation objections that defendant and three of his witnesses had bad reputations in and around Ryan for truth and veracity. We have recognized this impeachment method since Carter v. Cavenaugh, 1 G. Greene 171 (Iowa 1848). We prescribed foundation requirements for reputation testimony in State v. Hobbs; 172 N.W.2d 268, 272 (Iowa 1969). The reputation evidence there concerned character traits bearing upon the probability or nonprobability of guilt rather than credibility.

In the present case the State rebuttal witnesses sufficiently identified themselves, their backgrounds, and their familiarity and ability to identify the person whose reputation was involved. However, other than testimony they heard the person's reputation discussed, they did not say whether there were in fact comments about his reputation for truth and veracity, nor how many, their type, place, time, duration, or representative nature. The State acknowledges the requirements of *Hobbs* were not met but argues since the evidence went to credibility rather than probability or nonprobability of guilt weaker foundation ought to be permitted.

 We do not agree. Reputation evidence can significantly affect trial outcome and should be subject to the same minimum assurance of reliability whether used for impeachment or proving character. It was reversible error to admit truth and veracity reputation testimony over proper objection when the foundation requirements of *Hobbs* were not met.

III. Defendant also complains of trial court rulings sustaining objections to hypothetical questions asked his medical expert on redirect examination as beyond the scope of redirect examination. The trial court would have been well within proper discretion in permitting the inquiry. See 31 Am.Jur.2d, Expert and Opinion Evidence § 52 (1967). However, no decision of this contention is necessary since the situation will not likely recur on retrial.

Reversed and remanded.

All Justices concur.