STATE of Iowa, Appellee,

v.

David Gordon HACKETT, Appellant.

No. 55158.

Supreme Court of Iowa.

Sept. 19, 1972.

F. L. Bedell, Newton, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Dennis F. Chalupa, County Atty., for appellee.

RAWLINGS, Justice.

By a Jasper County Grand Jury indictment defendant David Gordon Hackett was charged with the crime of sodomy, tried and found guilty. From sentence accordingly entered, he appeals. We affirm.

The factual situation instantly involved, being substantially as set forth in State v. Hackett, 197 N.W.2d 569 (Iowa 1972), need not be here repeated.

In support of his claimed right to reversal defendant contends trial court erred in (1) overruling his objection to competency of two minor witnesses; (2) holding venue was adequately established; (3) permitting impeachment of accused by showing of a prior felony conviction; (4) overruling his motion for a directed verdict based on insufficiency of evidence; (5) submitting an instruction regarding open exchange of views by jurors in the course of their deliberation. These assignments will be considered in the order presented.

I. The prosecutrix in this case was 10, the other State's witness 12. Both girls were preliminarily interrogated at some length by trial court and counsel for defendant. Trial court thereupon found

them qualified to testify and they were then sworn.

We find here no reversible abuse of discretion. See The Code 1971, Section 622.-1; State v. Ragona, 232 Iowa 700, 701, 5 N.W.2d 907 (1942); State v. Yates, 181 Iowa 539, 540–542, 164 N.W. 798 (1917). See also State v. Rankin, 181 N.W.2d 169, 172–173 (Iowa 1970); 2 Wigmore on Evidence, §§ 505–509 (3d ed.); McCormick on Evidence, § 62, at 140–141.

II. Neither did trial court err in holding a jury question as to venue was adequately generated.

■ Prosecutrix testified the act charged occurred outside of Ira. There is also testimony by the corroborating witness from which it could be reasonably found the alleged offense took place in Ira, a town located within Jasper County and about seven miles east of the west boundary. This sufficed. See The Code 1971, Chapter 753; State v. Hackett, 197 N.W.2d at 570–571; State v. Conley, 176 N.W.2d 213, 215 (Iowa 1970); State v. Stumbo, 253 Iowa 276, 278–280, 111 N.W.2d 664 (1961); 1 Underhill's Criminal Evidence, § 95 (5th ed.).

■ III. As above stated defendant next asserts his privilege against self-incrimination was violated by requiring him, while testifying on his own behalf, to state whether he had ever before been convicted of a felony. In support of this position defendant invokes U.S.Const. Amend. V, and Amend. XIV, § 1. It is, of course, understood we are here concerned with the matter of permissible impeachment. Also in that area, trial court's original instructions included one which specifically restricted consideration by the jury of any evidence regarding defendant's prior felony conviction to the matter of credibility.

The Code 1971, Section 622.17 states: "A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

At the outset Spencer v. State of Texas, 385 U.S. 554, 560–564, 87 S.Ct. 648, 652–654, 17 L.Ed.2d 606 (1967), to the extent here applicable. holds, in substance, it is not for the United States Supreme Court to promulgate state rules of criminal procedure. Therefore the rule of exclusion concerning evidence of prior felony convictions does apply when a defendant has testified and the state seeks to impeach his credibility by showing he has been so previously convicted. In such instances the interests of an accused are deemed adequately protected by appropriate limiting jury instructions. And a state rule permitting introduction of such impeaching evidence is not prohibited by any provision of the United States Constitution.

More recently in McGautha v. California, 402 U.S. 183, at 215–216, 91 S.Ct. 1454, at 1471–1472, 28 L.Ed.2d 711 (1971), the constitutionality of a jury determination of guilt and punishment in both unitary and bifurcated trials was challenged. In resolving that matter the court touched upon the problem at hand and in so doing stated:

"It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination. See, e.g., Brown v. Walker, 161 U.S. 591, 597–598, 16 S.Ct. 644, 647, 40 L.Ed. 819 (1896); Fitzpatrick v. United States, 178 U.S. 304, 314–316, 20 S.Ct. 944, 948, 44 L.Ed. 1078 (1900); Brown v. United States, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). It is not thought overly harsh in such situations to require that the determination whether to waive the privilege take into account the matters which may be brought out on cross-examination. *It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like.* See Spencer v. Texas, 385 U.S. 554, at 561, 87 S.Ct. 648, at 652, 17 L.Ed. 606; cf.

Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); but cf. Luck v. United States, 121 U.S.App. D.C. 151, 348 F.2d 763 (1965); United States v. Palumbo, 401 F.2d 270 (CA2 1968). Again, it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify. (Emphasis supplied.)

"Further, a defendant whose motion for acquittal at the close of the Government's case is denied must decide whether to stand on his motion or put on a defense, with the risk that in so doing he will bolster the Government case enough for it to support a verdict of guilty. E. g., United States v. Calderon, 348 U.S. 160, 164 and n. 1, 75 S.Ct. 186, 188, 99 L.Ed. 202 (1954); 2 C. Wright, Federal Practice and Procedure § 463 (1969); cf. American Bar Association, Project on Standards for Criminal Justice, Trial by Jury 107–108 (Approved Draft, 1968). But see Comment, The Motion for Acquittal: A Neglected Safeguard, 70 Yale L.J. 1151 (1961); cf. Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963). Finally, only last Term in Williams v. Florida, 399 U.S. 78, 90 S. Ct. 1893, 26 L.Ed.2d 446 (1970), we had occasion to consider a Florida 'notice-of-alibi' rule which put the petitioner in that case to the choice of either abandoning his alibi defense or giving the State both an opportunity to prepare a rebuttal and leads from which to start. We rejected the contention that the rule unconstitutionally compelled the defendant to incriminate himself. The pressures which might lead the defendant to furnish this arguably 'testimonial' and 'incriminating' information arose simply from

" 'the force of historical fact beyond both his and the State's control and the strength of the State's case built on these facts. *Response to that kind of pressure by offering evidence or testi-*

*mony is not compelled self-incrimination transgressing the Fifth and Fourteenth Amendments.'* Id., at 85, 90 S.Ct., at 1898." (Emphasis supplied.)

See State v. Van Voltenburg, 260 Iowa 200, 208–210, 147 N.W.2d 869 (1967); State v. Cote, 108 N.H. 290, 235 A.2d 111, 114–116 (1967), cert. denied, 390 U.S. 1025, 88 S.Ct. 1412, 20 L.Ed.2d 282 (1968). See Generally Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); United States v. Scarborough, 147 U.S.App.D.C. 46, 452 F.2d 1378, 1379–1380 (1971); State v. Milford, 186 N.W.2d 590, 593 (Iowa 1971); State v. Shipp, 184 N.W.2d 679, 680–681 (Iowa 1971); State v. Kelley, 161 N.W.2d 123, 124–125 (Iowa 1968); 3A Wigmore on Evidence, §§ 889–891 (Chadbourn rev.), id., §§ 980–984; McCormick on Evidence, § 43 at 89–94; 58 Am.Jur., Witnesses §§ 685–689. See also Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936, 938–941 (D.C.Cir.1967); State v. Santiago, 492 P.2d 657 (Hawaii 1971); Rule 609, Revised Draft of Proposed Rules of Evidence for the United States Courts and Magistrates, 51 F.R.D. 315, 391 (1971); 1 Underhill's Criminal Evidence, § 244 (5th ed.); 15 So.Dak.L.Rev. 160 (1970).

Confining ourselves to the constitutional issue here posed we now hold it must be and is resolved adverse to defendant.

IV. This brings us to the contention, trial court erred in overruling defendant's motion for a directed verdict.

In support of this claim he first reargues matters heretofore considered, then argues proof of penetration is lacking.

■ Due to comparability of the facts in the instant case with those involved in State v. Hackett, 197 N.W.2d at 571–572, the reasoning and result there reached on the issue at hand is hereby adopted.

The assignment here considered cannot be sustained.

V. Finally, defendant challenges Instruction 17 by which the jury was told:

"The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

"It is your duty, as jurors, to consult with one another and to deliberate with the purpose of reaching an agreement, if you can do so without violence to individual judgment. An inconclusive trial is always highly undesirable. Each of you must decide the case for yourself, but do so after an impartial consideration of the evidence with your fellow jurors.

"In the course of your deliberations, do not hesitate to re-examine your own views and change your opinions if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of reaching a verdict."

It is at once apparent this is not the so-called "Allen" or "dynamite" charge. See State v. Kelley, 161 N.W.2d at 126–128; Commonwealth v. Spencer, 442 Pa. 328, 275 A.2d 299, 302–305 (1971); Annot., 100 A.L.R.2d 177.

Instruction 17 was given by trial court as a part of its original charge to the jury. In other respects it also conforms with ABA Standards Relating to Trial by Jury, Approved Draft, § 5.4(a), and commentary at 146–147. See Goff v. United States, 446 F.2d 623, 626 (10th Cir.1971); United States v. Fioravanti, 412 F.2d 407, 414–420 (3d Cir.1969), cert. denied, Panaccione v. United States, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969); United States v. Brown, 411 F.2d 930, 931–934 (7th Cir. 1969), cert. denied, 396 U.S. 1017, 90 S.Ct. 578, 24 L.Ed.2d 508 (1970); State v. Thomas, 86 Ariz. 161, 342 P.2d 197, 199–201 (1959); State v. Randall, 137 Mont. 534, 353 P.2d 1054, 1057–1058 (1960); State v. Marsh, 490 P.2d 491, 492–503 (Or.1971); 8 Moore's Federal Practice, § 31.04 (2d ed.).

■ We are satisfied the instruction above set forth is not subject to the abuses said to attend the giving of an "Allen" charge.

Neither do we find it vulnerable to the instant objection.

VI. Finally defendant asserts his motion for a new trial should have been sustained for all the reasons heretofore considered. Further discussion will serve no useful purpose. This assignment is without merit.

Affirmed.

All Justices concur, except McCORMICK and MASON, JJ., who concur specially.

McCORMICK, Justice (concurring specially).

In Division III the majority holds defendant was not denied his privilege against self-incrimination when required to state on cross-examination that he had previously been convicted of a felony. Although the United States Supreme Court has not squarely met this issue, the rationale and dicta of Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 684, 17 L.Ed.2d 606 (1967) and McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971) support the majority position. See also State v. Everett, 157 N.W.2d 144, 147 (Iowa 1968). No other objection was made. I therefore concur in the opinion and result.

However, I believe this case presents an appropriate opportunity to decide whether upon proper objection a trial court has discretion to exclude evidence of prior felony convictions and, if so, under what standards such discretion should operate. We have previously recognized the issue but

declined to consider it "until it is squarely raised by the record." State v. Shipp, 184 N.W.2d 679, 680 (Iowa 1971); see also State v. Schatterman, 171 N.W.2d 890, 896 (Iowa 1969); State v. Anderson, 159 N. W.2d 809, 812–813 (Iowa 1968). I would decide the question now for the guidance of the bench and bar.

I. *Is there discretion?* I believe there is. Authority for use of prior felony convictions as impeachment is found in § 622.-17, The Code, which provides, "A witness may be interrogated as to his previous conviction for a felony." There is nothing in the statute itself which appears to confer upon a cross-examiner an absolute right in all circumstances to inquire of a witness as to prior felony convictions. The provision is part of the code chapter on evidence. Our law of evidence presupposes exercise of judicial discretion in accordance with recognized admissibility standards whether the authority for the category of evidence is statutory or not. This includes reputation evidence bearing upon probability or nonprobability of guilt or credibility. See State v. Sill, 199 N.W.2d 47, 49 (Iowa 1972); State v. Hobbs, 172 N.W.2d 268 (Iowa 1969), and citations. It would be anomalous to suggest impeachment is subject to interposition of judicial discretion except where interrogation as to prior felony convictions is involved.

There is a split of authority among jurisdictions with similar statutes which have decided the issue. The better reasoned cases have concluded such statutes place the discretion as to admissibility of evidence of prior felony convictions in the judge rather than the cross-examiner. See Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965); United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L. Ed.2d 480 (1969); People v. Montgomery, 47 Ill.2d 510, 268 N.E.2d 695 (1971). This view is rooted in the doctrine that evidence must have probative value to be admissible, and the legislature will not be presumed to have established a rule intended to under-mine the judicial prerogative of making that determination. Judicial discretion must operate for there to be an assessment of probative value. This judicial role is required in efforts to impeach credibility by showing prior felony convictions.

II. *What are the standards?* We have said, "A previous felony conviction may be shown only to impeach the witness and for no other purpose." State v. Milford, 186 N.W.2d 590, 593 (Iowa 1971). Judicial discretion in determining admissibility of evidence of a prior felony conviction should therefore be guided by its relevance to credibility and absence of likelihood of improper influence upon the jury. In the present case the felony involved was a child desertion conviction which occurred in 1947 or 1948. The nature of the felony is such that it does not necessarily reflect upon credibility. It happened about a quarter century ago. There is no rational basis for saying defendant's conviction of that offense so long ago renders him less worthy of belief than one not so convicted. Yet such evidence obviously could tip the balance toward conviction in a close case by affecting the jury's view of defendant's character rather than his credibility.

Rule 21 of the Uniform Rules of Evidence and Rule 106 of the American Law Institute Model Code of Evidence (1942) limit impeachment by prior convictions to use of crimes involving dishonesty or false statement. Illinois has adopted Rule 609, Proposed Rules of Evidence for United States Courts and Magistrates, developed by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. See People v. Montgomery, *supra*. That rule permits evidence of prior convictions for impeachment "only if the crime, (1) was punishable by death or imprisonment in excess of one year * * * or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair preju-

dice." 51 F.R.D. 315, 391 (1971). The rule also bars evidence of convictions where more than ten years have passed since conviction or release from confinement, whichever is later.

These rules make it clear the factors which should be considered in testing admissibility are the *nature* of the crime which resulted in the conviction and its *remoteness* in time. The nature of the crime is examined to determine its relevance and the chance of unfair prejudice from its use. Remoteness also affects relevancy. Judge (now Chief Justice) Burger proposed the following as a "rule of thumb":

> "[C]onvictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not; traffic violations, however serious, are in the same category. The nearness or remoteness of the prior conviction is also a factor of no small importance. Even one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness." Gordon v. United States, 127 U.S.App. D.C. 343, 383 F.2d 936, 940 (1967).

The same rule was put in the framework of a balancing test in United States v. Palumbo, *supra,* 401 F.2d at 273:

> "[W]e hold that a trial judge may prevent such use, if he finds that a prior conviction negates credibility only slightly but creates a substantial chance of unfair prejudice, taking into account such factors as the nature of the conviction, its bearing on veracity, its age, and its propensity to influence the minds of the jurors improperly."

I believe we should tell our trial courts to use these factors in exercising their discretion as to admissibility of evidence of prior felony convictions for impeachment in civil and criminal cases. Applying them to the felony used for impeachment in this case would obviously render it inadmissible.

MASON, J., joins in this special concurrence.