**STATE of Iowa, Appellee,**

v.

**Frank James LNENICKA, Appellant.**

**No. 59493.**

Supreme Court of Iowa.

July 29, 1977.

Hoxie, Gottschalk & Patterson, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., and Eugene J. Kopecky, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and UHLENHOPP, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of breaking and entering in violation of § 708.8, The Code, 1973. Plea bargaining negotiations resulted in defendant's plea of guilty to the reduced charge of attempting to break and enter contrary to § 708.10, The Code. On his plea of guilty he was sentenced to imprisonment in the reformatory for a term not to exceed five years, and now appeals. We affirm.

Defendant states only one issue which he contends requires a reversal, namely, that the court erred in accepting defendant's guilty plea and pronouncing sentence because the court was aware of facts that raised a reasonable doubt as to defendant's mental capacity to stand trial, and that trial court abused its discretion by failing to suspend the proceedings in order to determine sanity, as is required by § 783.1, The Code, 1975.

A recitation of the chronology of this case is essential to an understanding of the issue defendant states for review. A county attorney's information was filed on February 26, 1975, charging defendant with the crime of breaking and entering in violation of § 708.8, The Code, 1973. The defendant was arraigned on the same day. Hearing was set for March 10, 1975, but was later rescheduled for March 14. On March 6, 1975, the defendant filed an application for the entry of an order authorizing the sheriff to transport defendant to a maximum security hospital for the purpose of receiving medical and drug treatment. However, after the defendant was able to post bond he withdrew his application for an order authorizing treatment.

Plea bargaining negotiations resulted in the filing of a substitute information charging the defendant with the crime of attempting to break and enter in violation of § 708.10, The Code, 1973, and a plea of guilty was entered after the court had engaged in a considerable colloquy with the defendant, defendant's counsel and the prosecutor, all of which occurred on May 30, 1975. On the latter date the sentencing judge accepted defendant's guilty plea and set sentencing for August 28, 1975, stating it was being delayed for such a long period of time to permit the defendant to complete his treatment and drug rehabilitation at the Mental Health Institute at Independence.

On June 23, 1975, after the court had been apprised of the fact that defendant had failed to secure treatment for his drug habit, the court entered an order directing the issuance of a bench warrant for the defendant's apprehension. On July 25 the defendant appeared before the judge and was sentenced to a term of not to exceed five years in the Men's Reformatory.

Defendant contends the trial judge had been made aware of numerous facts which indicated, or should have indicated, a reasonable doubt that defendant had the requisite mental capacity to stand trial. The facts referred to included the application for drug treatment, a voluntary commitment to the Mental Health Institute at Independence, and certain actions by the defendant at the time of sentencing. The actions referred to included a reference by

the defendant to his belief that certain detectives were going to have him (defendant) killed.

I. Defendant cites and relies upon statements of this court appearing in *Hickey v. District Court of Kossuth County,* 174 N.W.2d 406 (1970), and *State v. Bordovsky,* 183 N.W.2d 170 (1971).

In *Hickey, supra,* at page 409, we enunciated a standard for determination of sanity in matters of this kind, saying: "The test of insanity under this section, we have said, is defendant's mental capacity to appreciate the charge against him, understand the proceedings, and conduct his defense." See also *State v. Bordovsky, supra,* page 171.

We further said in *Bordovsky* that under the enunciated standard, when such a condition becomes evident or manifest to create a reasonable doubt as to the sanity of a defendant, a trial court is required to hold a separate trial on that issue alone.

We have reviewed the record in this case including the transcripts of the hearings referred to by the defendant: the first, a hearing held on May 30, 1975, and the second, a hearing held on July 25, 1975. We find nothing in the transcripts of said hearings which should have alerted the trial judge to any lack of capacity on the part of the defendant. In fact, the transcripts rather conclusively establish that defendant, having been at all times represented by competent counsel, knowingly and intelligently entered into the plea bargaining arrangement which resulted in his knowingly and intelligently entering a plea of guilty.

We find no merit in this appeal and affirm the trial court.

AFFIRMED.