**STATE of Iowa, Plaintiff-Appellee,**

v.

**Wallie LAWLESS, Defendant-Appellant.**

**No. 66878.**

Court of Appeals of Iowa.

Jan. 26, 1983.

Francis Hoyt, Appellate Defender, and Douglas F. Staskal, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Michael Jordan, Asst. Atty. Gen., for plaintiff-appellee.

SNELL, Judge.

On December 23, 1980, defendant Wallie Lawless was charged with third-degree kidnapping, a violation of Iowa Code sections 710.1 and 710.3 (1979) and second-degree sexual abuse, a violation of Iowa Code sections 709.1 and 709.3 (1979), in connection with an incident which occurred at approximately 10:00 p.m. on November 30, 1980. He was accused of forcing his way into Phyliss Waddell's car at a fast-food restaurant, driving the car a few blocks away, and then forcing Waddell to engage in sexual intercourse with him. Before his jury trial began, defendant filed a motion in limine, requesting the court to exclude certain evidence of other crimes defendant had allegedly committed the same week as the crimes charged. The State resisted the motion, asserting that the evidence would establish defendant's identity as the perpetrator of the crimes charged. The trial court ordered defendant's motion decided at trial.

At trial, the State made offers of proof of the other crimes. First, Rhonda Krewson testified that she and Lori Graham had just left a bar at approximately 1:45 a.m. on the morning of November 29, 1980, when a man with a knife forced his way into their car and instructed Krewson to drive away. When they stopped, the man forced both women to engage in sexual intercourse with him. Krewson later identified defendant as the man, and he was convicted of two counts of false imprisonment, two counts of sexual abuse, and two counts of robbery. The State next indicated that Graham's testimony would be substantially the same as Krewson's. Finally, Deborah Gregory testified that at approximately 7:00 p.m. on November 30, 1980, the evening of the alleged sexual assault of Phyliss Waddell, she was waiting outside a bar when she saw a man get into a car from which two women had just exited, disguise himself, hide in the back seat for about fifteen minutes, then get out. Later, she saw him chase a woman who had just left the bar. When Gregory shouted, the man ran off. Gregory later identified defendant as the man she had seen.

On direct examination, defendant stated that he had never been arrested for sexual assault. Over defendant's objection, the State presented evidence to rebut this statement, the testimony of a witness who initially claimed that he had arrested defendant for a sexual assault when he was county sheriff. On cross-examination, however, the witness admitted that he could not remember whether the arrest, which was about nine years earlier, was actually for sexual assault.

■ On appeal, defendant challenges the trial court's admission of both the evidence of other crimes allegedly committed by him, and the rebuttal evidence concerning his prior arrest. Our scope of review is on assigned error, except with regard to allegations of constitutional violations, which we review de novo, making an independent evaluation of the totality of circumstances. *State v. Cullison*, 227 N.W.2d 121, 126–27 (Iowa 1975).

■ I. We first address defendant's contention that the trial court erred in overruling his objection to the presentation of evidence of prior criminal acts he allegedly committed. Defendant recognizes that the courts have carved several exceptions to the general rule that evidence of prior criminal acts is inadmissible to prove the crime in question, but contends that the testimony in this case does not fit into any of these exceptions. We disagree.

In *State v. Cott*, 283 N.W.2d 324 (Iowa 1979), the Iowa Supreme Court stated:

The general rule is that 'one crime cannot be proved by proof of another.' The purpose of the rule is to exclude from the jury's consideration evidence which has no relevancy except to show that the defendant is a bad person and thus likely committed the crime in question. Consequently, evidence which is relevant to prove some fact or element in issue other than the defendant's criminal disposition escapes the rule's prohibition. We have accordingly recognized certain categories of permissible objectives for proof of prior criminal acts:

(1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, (5) identity of the person charged with commission of the crime. *Id.* at 326 (citations omitted). In this case the State presented the testimony of Rhonda Krewson and Lori Graham, the two girls who were assaulted on November 29, to prove the "identity of the person charged with commission of the crime," and we believe that it was properly admitted for this purpose. Defendant contends that the identity exception does not apply here because the manner in which the sexual abuse of Waddell and the sexual abuse of Krewson and Graham was committed was not "so unusual and distinctive as to be like a signature." However, in *State v. Walsh,* 318 N.W.2d 184 (Iowa 1982), the Iowa Supreme Court refused to adopt the "signature" test and applied instead a "strikingly similar" analysis:

> Two approaches have evolved in deciding how much similarity needs to exist. One is the "signature" approach espoused by Professor McCormick and set out above. The other approach, an arguably less demanding one, permits other-crime testimony if the common circumstances are "strikingly similar," "peculiar and distinctive," or of a "like or unique nature."
>
> We doubt if there is as much difference between the two as some suggest. Certainly it is one of only slight degree. In any event we believe the better rule is to admit evidence of a prior crime upon a showing of "strikingly similar" circumstances or those of a "unique nature."

*Id.* at 186 (citations omitted).

Both the Waddell and the Krewson-Graham incidents occurred within a two-day period, late at night, in parking lots close to defendant's home. In both cases the assailant: forced his way into the victims' car, represented that he had a knife or actually had one, attempted somehow to conceal his identity, told the victims that he only wanted money and did not want to hurt them, struggled with the victims until he had them under control, drove or forced them to drive to a nearby residential area, and then forced them to have sexual intercourse with him and made references to or actually engaged in oral and anal intercourse. We think that these facts support a finding that the two incidents were "strikingly similar," 318 N.W.2d at 186. We conclude that the testimony of Krewson and Graham was probative of identity, *State v. Cott,* 283 N.W.2d 324, 326–29, and that any prejudicial effect on the jury was outweighed by its probative value. *State v. Spaulding,* 313 N.W.2d 878, 881 (Iowa 1981).

■ Defendant also challenges the admission of Deborah Gregory's testimony that she saw a man, whom she later identified as defendant, disguise himself and hide in the back seat of a car parked near a bar early on the evening of the assault upon Phyliss Waddell. Although Gregory did not actually witness a sexual assault, her testimony was clearly relevant as circumstantial evidence tending to connect defendant with the assault upon Waddell and as evidence tending to dispute the testimony of defendant's alibi witnesses.

**II.** Defendant also contends that the sheriff's rebuttal testimony that he had once arrested defendant for sexual assault was improperly admitted and should have been stricken because: (1) the State did not fulfill its obligation, under Iowa R.Crim.P. 13(2)(a)(3), to furnish defendant a copy of his criminal record, and (2) the testimony did not "rebut" defendant's statement that he was never arrested for a sexual assault because on cross-examination the sheriff could not remember whether the arrest was actually for sexual assault.

■ We find no merit in either of these grounds for challenging the testimony. First, the State did comply with defendant's rule 13(2)(a)(3) motion by providing defendant with a copy of FBI master charge sheet, and a copy of the information for a search warrant in connection with that incident. *See* Iowa R.Crim.P. 13(2)(a)(3) ("Upon motion of the defendant, the court shall order the state to furnish to defendant such copy

of the defendant's prior criminal record, if any, as is then available to the state"). The search warrant application contained the following information: "Lawless had been arrested in Independence on January 28, 1972, for Illegal Entry and Robbery ... this was the incident in which the elderly woman was assaulted." Second, the sheriff's statement that he had previously arrested defendant for sexual abuse directly contradicted, and therefore could have rebutted, defendant's statement that he had never been arrested for a sexual assault. *See State v. Walker,* 218 N.W.2d 915, 919 (Iowa 1974) (rebuttal evidence is "that which explains, repels, controverts, or disproves evidence produced by the other side"). The sheriff's subsequent apparently inconsistent testimony that he could not remember for certain whether the arrest was for sexual assault simply created a question as to the credibility of the witness. The ultimate resolution of the credibility issue was within the province of the jury. *State v. Williams,* 315 N.W.2d 45, 58 (Iowa 1982). We therefore conclude that the trial court did not err or deprive defendant of his right to a fair trial by admitting the sheriff's testimony concerning the prior arrest. Accordingly, the decision of the trial court is affirmed.

AFFIRMED.